# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

No. 01-10218
Summary Calendar

ROBERT J. MASON,

Plaintiff-Appellant,

versus

UNITED AIR LINES, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Northern District of Texas, Dallas

December 12, 2001

Before POLITZ, WIENER and PARKER, Circuit Judges:

POLITZ, Circuit Judge:

Robert Mason appeals an adverse summary judgment in his complaint against United Airlines, Inc., under the ADA, Title VII and 42 U.S.C. § 1981. For the reasons assigned, we affirm.

## BACKGROUND

In his employment discrimination action Mason invokes the ADA, Title VII of the Civil Rights Act of 1964 and 42 U.S.C.§ 1981. Mason, an African-American, was employed by United, beginning in 1976, as a food service porter in Chicago. In the ensuing years he worked as a Customer Service Representative in Chicago, Tulsa, Dallas, and Los Angeles. In August, 1991, he injured his back while working in Los Angeles, however, he continued working and was transferred to Chicago in December, 1991.

In February, 1992, Mason underwent low back surgery and remained on paid medical leave until the following August when he returned to his Customer Service Representative assignment. His post-operative physical condition proscribed the lifting of heavy items and, accordingly, heavy lifting was excluded from his work. In January, 1993, he was again placed on paid medical leave for a second surgical procedure on his back. Following that surgery he returned to his position in Chicago, but did not resume heavy lifting tasks. In September, 1994, he took a third paid medical leave for another surgical procedure. The following February, he returned to his job in Chicago but took a fourth paid medical leave in November, 1995, which lasted until August, 1997, at which time he was released by United's doctors to return to work with a lifting restriction of thirty pounds.

2

Shortly after his August, 1997, return, Mason inquired about a transfer to Dallas and was informed that he would need an unrestricted medical release to work at United's Dallas station. On August 29, 1997, Mason visited United's doctors, at which time he requested and secured an unrestricted medical release. He then successfully requested a transfer to Dallas. In September, 1997, he began working in Dallas under a "full duty" medical release.

United's Dallas station is a "line station" wherein Customer Service Representatives may be assigned to any position in the airport. Upon his arrival in Dallas, Mason volunteered to work in baggage services, a job which involved lifting bags and helping with lost luggage. Over the next six months he was evaluated by an independent physician and his own physician, both of whom concluded that he was incapable of working as a Customer Service Representative in an unrestricted fashion. In April, 1998, his physician permanently restricted Mason from lifting more than twenty pounds and from bending and twisting. In July, 1998, United's medical department re-evaluated Mason and issued a permanent restriction, limiting him to only sedentary work and prohibiting him from lifting, pushing, or pulling over twenty pounds.

John Miletta, Mason's direct supervisor in Dallas, and Sheryl Hinkel, United's Senior Staff Representative in the company's Human Resources

Department, reviewed Mason's restrictions and concluded that the company could not accommodate him in the Dallas station because his restrictions prevented his performance of tasks essential to the Customer Service Representative position there. Miletta encouraged Mason to apply for other positions within United that were consistent with his physical restrictions, and informed him that under company policy he would be placed on extended illness leave of absence if he was unable to find a compatible position within 90 days.

Mason wanted to remain in the Dallas area and applied for a slot in the Dallas ticket office. There was only one position in that office, however, and it was filled. Mason did not find a compatible position within the 90-day time limit and he was reassigned to an unpaid extended illness leave of absence.

Mason objected to the reassignment, filing the present action. He claims that United wrongly perceived him as disabled and reassigned him in violation of the ADA. He also claims that he was discriminated against based on his race in violation of Title VII and 42 U.S.C. § 1981. United moved for summary judgment and the district court referred the matter to a magistrate judge who recommended granting summary judgment. The district court adopted the magistrate judge's findings of fact and conclusions of law and entered summary judgment dismissing Mason's claims. This appeal followed.

**ANALYSIS**

I.    Summary Judgment Standard:

We review the district court's grant of summary judgment de novo.[1]  Summary judgment is proper when there is no genuine issue as to any material fact.[2]  A factual issue is material if its resolution could affect the outcome of the action.[3]  In determining whether there is a genuine issue as to any material fact, all justifiable inferences will be made in the nonmoving party's favor, and we will "not weigh the evidence or evaluate the credibility of witnesses . . .."[4]  A "dispute about a material fact is 'genuine'. . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."[5] Therefore, summary judgment is appropriate if the nonmovant fails to establish facts supporting an essential element of his *prima facie* claim.[6]

II.    ADA Claim:

---

[1]  Morris v. Covan World Wide Moving, Inc., 144 F.3d 377, 380 (5th Cir. 1998).

[2]  FED. R. CIV. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[3]  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

[4]  Id.

[5]  Id.

[6]  Celotex Corp., 477 U.S. at 322-23.

5

The ADA prohibits discrimination by private employers against any qualified individual with a disability.[7] A "qualified individual with a disability" is identified as "an individual with a disability who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires."[8] In order to establish a prima facie case under the ADA, the plaintiff must demonstrate that he has a disability.[9] A disability is defined as a physical or mental impairment that substantially limits one or more of the major life activities of the individual, or being regarded as being so impaired.[10] Mason asserts that he was wrongly perceived as disabled by United, qualifying him as disabled under the "regarded as" prong.

An individual is "regarded as" disabled where a covered entity mistakenly believes that: (1) the person has a physical impairment that substantially limits one or more major life activities; or (2) an actual, non-limiting impairment substantially limits one or more major life activities.[11] In both instances, the covered entity must

---

[7] 42 U.S.C. § 12112 (1995).

[8] Id.

[9] Zenor v. El Paso Healthcare Sys., Ltd., 176 F.3d 847, 853 (5th Cir. 1999).

[10] 42 U.S.C. § 12102(2) (1995).

[11] Sutton v. United Airlines, Inc., 527 U.S. 471, 489 (1999).

entertain some misperception regarding the individual–either that he has a substantially limiting impairment that: (1) he does not have; or (2) is not so limiting as believed.[12] Major life activities include caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working.[13] Mason contends that he was wrongly perceived as disabled in the major life function of working.

The district court adopted the magistrate judge's finding that Mason suffered from a physical impairment limiting his ability to lift, push, and pull items above a certain weight, but that the impairment did not substantially limit his general ability to work, and that United did not erroneously perceive that it did. Viewing the evidence in the light most favorable to Mason we are compelled to agree.

Because of his lower back injury Mason's ability to perform physical work was greatly limited. The job in Dallas required that he be able to perform certain tasks, including lifting, pushing, and pulling weight above his physical limitations. United correctly concluded, based on his medical history, that Mason could not

---

[12] Id.

[13] 29 C.F.R. § 1630.2(I) (1998). The EEOC guidelines, "while not controlling upon the courts by reason of their authority, do constitute a body of experience and informed judgment to which courts and litigants may properly resort for guidance." Meritor Sav. Bank v. Vinson, 477 U.S. 57, 65 (1986).

7

perform the job of Customer Service Representative in Dallas. There is no evidence that Mason was not qualified for a broad range of other jobs that did not require the manipulation of weighty objects, or that United incorrectly made broad generalizations regarding his impairments. Rather, the record reflects that United encouraged Mason to apply for alternative positions in Dallas and elsewhere.

Further, Mason claims that the district court erred in adopting the magistrate judge's reading of Sutton v. United Airlines,[14] to allow employers to generally or categorically deem a particular employee not suitable for a particular job. A close review of the magistrate judge's findings and relevant legal authority persuades that Mason has mis-characterized these findings. While Mason is correct that disability determinations must be made on an individualized basis,[15] we are persuaded beyond peradventure that the trial court correctly focused on the facts surrounding his individual restrictions.

Mason has failed to present the requisite measure of evidence that United engaged in any activity prohibited by the ADA.

III.    Racial Discrimination Claims:

---

[14]  527 U.S. 471 (1999).

[15]  Id. at 483.

8

Under Title VII, it is "an unlawful employment practice for an employer . . . to discriminate against any individual with respect to [his] compensation, terms, conditions, or privileges of employment, because of such individual's race . . .."[16] We apply the McDonnell Douglas burden-shifting framework in Title VII and 42 U.S.C. § 1981 cases.[17] To establish a prima facie case of racial discrimination under Title VII, Mason was required to show that he was a member of a protected group, was qualified for his position, and suffered an adverse employment action.[18] In addition he had to establish that United sought to replace him with a similarly qualified white employee.[19] If the plaintiff makes this prima facie showing, the defendant must respond with some legitimate, non-discriminatory reason for the employment action.[20] If the defendant makes the required showing, the burden of proof returns to the plaintiff to demonstrate that the employer's articulated reason

---

[16] 42 U.S.C. § 2000e-2(a)(1) (1995).

[17] St. Mary's Honor Ctr. v. Hicks, 509 U.S. 502, 506 (1993) (McDonnell Douglas burden shifting applied to Title VII); LaPierre v. Benson Nissan, Inc., 86 F.3d 444, 448 n.2 (5th Cir. 1996) (McDonnell Douglas burden shifting applied to 42 U.S.C. § 1981).

[18] Pratt v. City of Houston, 247 F.3d 601, 606 n.2 (5th Cir. 2001).

[19] Id.

[20] Id.

was a pretext for the real, discriminatory reason.[21]

In cases arising under 42 U.S.C. § 1981, the plaintiff must prove discriminatory intent.[22] Title VII requires no such showing.

Mason complains that the district court, in adopting the magistrate judge's findings of fact and conclusions of law, noted that his failure to demonstrate replacement with a white employee was material but not dispositive in and of itself,[23] but then failed to reason forward from this conclusion and find that Mason had established his prima facie case. Viewing the evidence in the light most favorable to Mason it is manifest that he failed to establish a prima facie case of racial discrimination. At best he established only two of the requisite elements–that he is African-American and suffered an adverse employment action.

Although not dispositive, the record does not reflect whether Mason was replaced with an employee outside of his protected class. More importantly, however, is the substantial evidence establishing that Mason was not qualified for

---

[21] Id. at 804.

[22] Crawford v. W. Elec. Co., Inc., 614 F.2d 1300, 1309 (5th Cir. 1980).

[23] The district court added the exception to the magistrate's findings in a handwritten inter-lineation in its order, citing Nieto v. LVH Packing Co., 108 F.3d 621, 624 (5th Cir. 1997).

his position. Faced with the requirements of his job in Dallas and his own physical impairments, Mason candidly acknowledged that it was not possible for him to perform the requisites of the Dallas assignment.

Mason also claims disparate treatment, contending that four white employees, with different medical restrictions,[24] were accommodated by United in Dallas while he was not. He admits that the medical restrictions of the white employees are not similar to his restriction, but claims that the differences are irrelevant because they were not known to Miletta at the time of the adverse employment action. Such an assertion ignores the essential issue–Mason was not qualified for his position and United was not required to maintain him in a position for which he was not qualified. The fact that white employees with similar restrictions, or white employees whom Miletta erroneously believed were similarly restricted, were accommodated might aid Mason in making out his prima facie case. The fact that

white employees, who had dissimilar restrictions and were capable of performing

---

[24] Two of the employees had no lifting restrictions at all and the other two were not as restrictive as Mason's.

their jobs, were accommodated, proves nothing relevant here.[25]

Finally, Mason's 42 U.S.C. § 1981 claim, requiring proof of intentional discrimination, likewise fails for lack of the requisite proof.

For these reasons, the judgment appealed is AFFIRMED.

---

[25] Walton v. Bisco Indus., Inc., 119 F.3d 368, 373 (5th Cir. 1997) (holding that it is not discrimination for an employer "to treat differently situated employees differently.").