United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 10, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT
_____

No. 03-30837
Summary Calendar
_____

RALPH BONNER,

Plaintiff/Appellant,

versus

ST MARTIN PARISH SCHOOL BOARD,

Defendant/Appellee.

_____

Appeal from the United States District Court
for the Western District of Louisiana, Lafayette Division
District Court Cause No. 02-CV-2052
_____

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.[1]

PRADO, Circuit Judge.

This appeal arises from an employment discrimination

lawsuit. In his complaint, Appellant Ralph Bonner (Bonner)

asserted that his employer, Appellee St. Martin Parish School

Board (the school board), failed to promote him twice, as

principal of a junior high and high school, because of his race.

In response to Bonner's complaint, the school board moved for

summary judgment. After considering the motion, the district

_____

[1]Pursuant to 5th Cir. R. 47.5, this Court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5th Cir. R.
47.5.4.

1

court determined that Bonner had failed to present evidence that raised a genuine question of material fact about whether the school board's stated reasons for not promoting him was a pretext for racial discrimination and granted the motion. Bonner challenges the summary judgment in this appeal.

## Standard of Review

This Court reviews a district court's summary judgment decision de novo. *See Daniels v. City of Arlington, Tex.*, 246 F.3d 500, 502 (5th Cir. 2001). Consequently, this Court will uphold a summary judgment if there is no genuine issue of material fact. *See* FED. R. CIV. PROC. 56(c).

In deciding whether a question of material fact exists, a court must view the facts and inferences to be drawn therefrom in the light most favorable to the nonmoving party. *See Daniels*, 246 F.3d at 502. A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the non-moving party. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Mason v. United Air Lines, Inc.*, 274 F.3d 314, 316 (5th Cir. 2001). The moving party bears the burden of establishing that there are no genuine issues of material fact. "To satisfy this burden, the moving party may either submit evidentiary documents that negate the existence of some material element of the nonmoving party's claim or defense or, if the crucial issue is one for which the nonmoving party will bear

2

the burden of proof at trial, merely point out that the evidentiary documents in the record contain insufficient proof concerning an essential element of the nonmoving party's claim or defense." *Lavespere v. Niagra Machine & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). On the other hand, if the alleged fact in issue is one for which the nonmoving party bears the burden of proof, the movant may merely point out that the evidentiary documents in the record contain insufficient proof of an essential element of the nonmoving party's claim or defense. *See Celotex*, 477 U.S. at 325; *Lavespere*, 910 F.2d at 178. Once the moving party has proven no genuine issue of material fact exists, the burden shifts to the non-moving party to show that summary judgment is not appropriate. *See Celotex*, 477 U.S. at 324.

### Burden Shifting in an Employment Discrimination Case

In an employment discrimination case, the plaintiff bears the initial burden and must first establish a prima facie case of unlawful discrimination. *See Reeves v. Sanderson Plumbing Prod.*, 530 U.S. 133, 142 (2000). To meet this burden, the plaintiff must show: (1) he is a member of a protected class, (2) he was qualified to do the job, (3) he suffered an adverse employment action, and (4) others outside the protected group were treated more favorably than he was. *See McDonnell-Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). That Bonner met this burden is

3

not disputed in this appeal.

If the plaintiff meets his initial burden and establishes a prima case, the burden shifts to the defendant-employer to produce evidence of a legitimate non-discriminatory reason for the treatment of the plaintiff. *See Reeves*, 530 U.S. at 142. This burden is one of production, not persuasion, and involves no credibility assessment. *See id.* If the defendant-employer meets its burden of production, the burden shifts back to the plaintiff to prove by a preponderance of the evidence that the employer's reason for the disparate treatment is pretextual. *See id.* at 143.

To survive summary judgment, the plaintiff must present documentary evidence that raises a genuine issue of material fact about whether the employer's reason for the employment action. *See Nichols v. Loral Vought Sys. Corp.*, 81 F.3d 38, 42 (5th Cir. 1996). In proving pretext, the plaintiff retains the burden of persuading the fact-finder. *See Tex. Dep't of Cmty Affairs v. Burdine*, 450 U.S. 248, 253 (1981). It is not enough for the plaintiff to show that the defendant-employer's stated reason was false. The plaintiff must show that discrimination was the actual reason for disparate treatment. *See St. Mary's Honor Ctr. v. Hicks*, 509 U.S. 502, 516-517 (1993). The actual reason, however, may be inferred to be discrimination by the falsity of the employer's explanation. *See Reeves*, 530 U.S. at 142. Thus,

4

a genuine fact issue may be raised and summary judgment may therefore be defeated by the plaintiff's prima facie case combined with sufficient evidence to indicate that the employer's asserted justification is false. *See Reeves*, 530 U.S. at 142; *Vadie v. Miss. St. Univ.*, 218 F.3d 365, 373 (5th Cir. 2000).

## Whether Summary Judgment Was Appropriate

In the instant case, Bonner asserts that the district court erred in granting the school board's motion for summary judgment. In particular, Bonner complains that the district court erred by failing to assess the sufficiency of the school board's evidence of a non-discriminatory reason for not promoting him. The school board's burden, however, is not a burden of persuasion. *See Reeves*, 530 U.S. at 142. Instead the school district's burden is one of production, and thus, and involves no credibility assessment. *See id.* at 142. Because the school board presented evidence of a non-discriminatory reason for not promoting Bonner, it met its burden. Thus, the only remaining question is whether Bonner presented evidence that raises a question of fact about whether the school district's reason was a pretext for racial discrimination.

The school board articulated several reasons why other applicants were hired as principal instead of Bonner. One reason advanced by the school board was that Bonner had no prior association with the applicable schools. Although Bonner relies

5

on evidence of his success as an elementary school principal, and statistics intended to depict disparity in the numbers of African American principals compared to Caucasian principals, he has not raised a question of fact about whether the absence of prior association with the schools was a pretext for racial discrimination.

The summary judgment evidence indicates that the two applicants who received the jobs Bonner sought had more experience in similar settings. Michael Kraemer, who received the principalship at St. Martinville High School, not only taught in that high school for fifteen years, but at the time served as assistant principal of another 5-A high school. Allen Blanchard, who received the principalship of Cecilia Junior High School, previously taught in that particular school, was known and respected by the faculty, and was at the time the school's assistant principal.

The school district also maintained that Bonner was not the best qualified applicant for the jobs. The school district presented evidence of disciplinary problems at the elementary school Bonner supervised, and that Bonner had outside business and professional interests which could prevent him from devoting all of his time to performing his duties. In particular, the evidence indicates Bonner served as pastor for a church 70 miles out of town, and Bonner held positions with administrative duties at a local college. These factors could legitimately affect a

6

school board's decision when choosing the principal of a large high school with numerous evening and weekend activites.  Bonner, however, failed to present any evidence that indicates this reason for not promoting him was a pretext for racial discrimination.

Although the statistics Bonner presented show that the school board had hired more Caucasian principals than African American principals, and Bonner's evaluations show that he was proficient at performing his past jobs, this evidence does not raise a question of fact about whether the school board's reasons for not promoting Bonner were a pretext for discrimination.  To survive summary judgment, Bonner was required to show that the proffered reasons are either false or not worthy of credence, and that a discriminatory reason was more likely the true reason.  But Bonner did not meet this burden.  Bonner has not shown that he was a better qualified applicant, or that the reasons given by the school board, such as support from the applicable school faculties and lack of outside responsibilities, were pretexts for racial discrimination.  While the statistics may show more Caucasians were hired in the past, the evidence also indicates that some of the positions did not even have an African American applicant.  Because Bonner failed to raise a question of fact about whether the school board's reasons for not promoting him to the positions he sought, the district court properly entered summary judgment in favor of the school board.  For that reason,

7

this Court AFFIRMS the judgment of the district court.

AFFIRMED.