Leroy GEORGE

v.

HONEYWELL INTERNATIONAL, INC.

No. CIV.A. 03–189–B–M3.

United States District Court, M.D. Louisiana.

Aug. 6, 2004.

J. Arthur Smith, III, Gregory Ashby Toney, Law Office of J. Arthur Smith, III, Baton Rouge, LA, for Plaintiff.

Steven R. Cupp, Watkins, Ludlam, Winter and Stennis P.A., Gulfport, MS, for Defendant.

### RULING

POLOZOLA, Chief Judge.

This matter is before the Court on the motion for summary judgment filed by defendant, Honeywell International Inc. ("Honeywell").[1] The motion is opposed.[2] For reasons which follow, Honeywell's motion for summary judgment is granted.[3]

### Factual and Procedural History

Plaintiff filed this suit against his employer, Honeywell, seeking relief under Title VII and 42 U.S.C. § 1981. Plaintiff alleges that he was unlawfully subjected to discrimination and retaliation by Honeywell when they refused to promote him on two occasions to the position of Back Up Board Operator in 2001 and 2002. The Court has federal question jurisdiction over plaintiff's claims. A review of the record reveals that plaintiff has filed two EEOC complaints and has exhausted his required administrative remedies. Thus, the Court finds that it does have jurisdiction over all of plaintiff's claims.

The plaintiff is an African–American male who has been employed with Honeywell for more than 23 years as an Operator Technician at Honeywell's plant located in Geismar, Louisiana. Plaintiff alleges that Honeywell discriminated and retaliated against him in violation of his rights by refusing to promote him to the position of Back Up Board Operator on two occasions in 2001 and 2002.

Honeywell employs four shifts at its Geismar plant. Each shift has a Board Operator position and a Back Up Board Operator position. The Back Up Board Operator fills in for the Board Operator when he is sick or on vacation. According to evidence submitted by Honeywell, this position is temporary and does not result in a change in status or benefits other than an increase in salary of approximately $200 a year.[4]

In 2001, a Back Up Board Operator position became available on plaintiff's shift, and plaintiff applied for the position.

---

1. Rec. Doc. No. 19.

2. Rec. Doc. No. 27.

3. In making its ruling, the Court has considered all of the contentions of the parties, including those made in briefs and at oral argument whether or not specifically discussed in this opinion.

4. Rec. Doc. No. 21 at 3.

Richard White, the plant operations manager at the time, was the person designated to review the applications and select the person to fill the position. According to White's affidavit, he selected the new Back Up Board Operator by reviewing the records pertaining to the Back Up Board Operator position that had previously been filled by Mark Willis in 1999. Willis had been terminated from this position, and the new Back Up Board Operator was being hired to replace him. White's affidavit indicates that Robert Sorrell had made the highest score next to Willis. Based on this score and the review of the applications, White selected Sorrell to be the new Back Up Board Operator in 2001. White believed that Sorrell, who is an African–American, was the most qualified and appropriate candidate for the position.[5]

Following Sorrell's selection in 2001, plaintiff began to complain to several of his Honeywell superiors about alleged discrimination that was occurring at Honeywell. Plaintiff specifically complained about the manner in which promotions were awarded and other acts of alleged discrimination which are documented in the record. Plaintiff also complained that Honeywell did not choose him for the 2001 position because of his race and that Honeywell had retaliated against him for complaining about racial discrimination at the Geismar plant in 1999. Plaintiff's 2001 complaints culminated in an internal investigation being conducted by Rick Lee, Honeywell's Human Resources Director at the time. Lee's investigation concluded there was no evidence of discrimination or retaliation.[6]

In the summer of 2001, plaintiff was transferred to another shift which worked in conjunction with his former shift. Honeywell contends the transfer was made because plaintiff was a more experienced employee, and this new shift needed more experienced employees. As a result of the shift change, plaintiff did not suffer any loss in pay or benefits and was not required to work a different schedule. However, plaintiff alleges that the transfer was based on discrimination and retaliation. Specifically, plaintiff alleges in his affidavit that being reassigned to another shift took him away from training on the Board and was the equivalent of a "death sentence" because everyone in the plant knew he would eventually have a disagreement with his new shift supervisor, Johnny Gautreau, whom plaintiff characterized as a racist.[7] After complaining about this shift transfer, plaintiff was moved back to his original shift after only working two months on the other shift.

In 2002, Sorrell retired from Honeywell and another Back Up Board Operator position became available. Plaintiff applied for this position. This time, a five-person panel composed of Honeywell management interviewed all of the applicants and ranked each applicant based upon their answers to questions posed to them during the interview process. This panel was created as a result of the complaint the plaintiff had made regarding the selection process at Honeywell after he did not get the 2001 position. Honeywell has provided the Court with the scoring data calculated for each applicant who applied for this position. After the panel reviewed the applications, it awarded the Back Up Board Operator position to Gerald Scott, the candidate who scored the highest on the interviews. Scott is a Caucasian.

---

**5.** Rec. Doc. No. 31, Exhibit A at 2.

**6.** It should be noted that Lee is also an African–American.

**7.** Rec. Doc. No. 27, Exhibit C at 3–4.

Although Honeywell followed the procedure recommended by plaintiff to select the Back Up Board Operator, plaintiff again alleged that he did not receive the position in 2002 because of discrimination and retaliation by Honeywell. During his deposition plaintiff testified that he believed this interview panel was part of an orchestrated effort to keep him from advancing at Honeywell because of his complaints of race and age discrimination.[8] This contention is not supported by the evidence submitted with defendant's motion for summary judgment.

During this time, plaintiff also alleges that he was denied overtime by Honeywell. Specifically, plaintiff alleges that his name was improperly placed on the overtime list at the Geismar plant at least twice during the 2001–2002 period. Because of the manner that Honeywell offers overtime, plaintiff contends this improper placement prevented him from being offered overtime when it should have been offered to him.[9]

Based on these events, plaintiff filed this lawsuit against Honeywell alleging race discrimination and retaliation. In response to plaintiff's suit, Honeywell filed this motion for summary judgment seeking dismissal of plaintiff's entire case. Honeywell contends that there are no genuine issues of material fact with regard to any of plaintiff's discrimination and retaliation claims. The Court held oral argument on the motion. During oral argument, the parties stipulated that the only claims before the Court are: (1) plaintiff's retalia-

tion claim, under Title VII, that arises out of the 2001 Back Up Board Operator position; and, (2) plaintiff's retaliation and race discrimination claims, under Title VII and 42 U.S.C. § 1981, that arise out of the 2002 Back Up Board Operator position.[10] Thus, the allegations about the improper transfer and overtime denial are not independent claims for which plaintiff seeks to recover damages. Plaintiff conceded at oral argument that these allegations were only offered as evidence of other alleged retaliation and race discrimination at Honeywell.

## Law and Analysis

Plaintiff's discrimination and retaliation claims are governed by the *McDonnell Douglas* burden shifting analysis,[11] as modified recently by the United States Supreme Court, in *Desert Palace, Inc. v. Costa*,[12] and the Fifth Circuit, in *Rachid v. Jack In The Box, Inc.*[13] In making its factual findings in this case, the Court has applied this modified *McDonnell Douglas* analysis to determine if there are genuine issues of material fact in the record which would preclude the Court from granting summary judgment on plaintiff's 2001 retaliation claim and plaintiff's 2002 retaliation and discrimination claims.

After a careful review of the record and considering the arguments of counsel in their briefs and oral argument, the Court finds that there are no genuine issues of material fact with respect to plaintiff's 2001 retaliation claim. Plaintiff

8. Rec. Doc. No. 19, Exhibit A at 123–24.

9. Rec. Doc. No. 19, Exhibit A at 89–92.

10. Rec. Doc. No. 40.

11. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). *See also Mason v. United Air Lines, Inc.*, 274 F.3d 314, 318 (5th Cir.2001)(Discrimination claims brought under 42 U.S.C. § 1981 are analyzed under *McDonnell Doug-*

*las*.); and *Montemayor v. City of San Antonio*, 276 F.3d 687, 692 (5th Cir.2001) *citing Portis v. First Nat'l Bank*, 34 F.3d 325, 328 (5th Cir.1994) (The *McDonnell Douglas* framework applies to Title VII retaliation cases in the Fifth Circuit.)

12. 539 U.S. 90, 123 S.Ct. 2148, 156 L.Ed.2d 84 (2003).

13. 376 F.3d 305 (5th Cir.2004).

alleges he did not receive the 2001 Back Up Board Operator position because he had complained to his superiors at Honeywell in 1999 about race discrimination at the Geismar plant. In its motion for summary judgment on this issue, Honeywell argues that there are no issues of fact in dispute as to causation because White, the decision maker that selected the 2001 Back Up Board Operator, did not even work at Honeywell in 1999 and had no knowledge of plaintiff's complaints. Honeywell's contention is supported by White's affidavit [14] and other evidence in the record. It is well settled in the Fifth Circuit that the Court should focus on the decision maker in determining if issues of material fact exist at the causation level in a motion for summary judgment on a retaliation claim.[15] In addition, plaintiff has not produced any evidence to rebut White's affidavit. The only evidence that even attempts to rebut the White affidavit is plaintiff's own affidavit and the affidavits of his co-workers that characterize White as a well-known racist without any evidentiary support for this conclusion.[16] Such speculative evidence does not draw a causal link between plaintiff's 1999 protected activity and plaintiff's failure to receive the 2001 position. Because there is no evidence that White knew about plaintiff's activities in 1999 or based his decision on those activities, summary judgment on plaintiff's 2001 retaliation claim must be granted as a matter of law.

■■■ Honeywell has also submitted evidence of a nondiscriminatory reason for choosing Sorrell over plaintiff for the 2001 position. In paragraph 4 of his affidavit, White clearly set out the objective criteria that he used in selecting Sorrell to be a Back Up Board Operator.[17] This criteria included the raw scores from a previous promotion selection process to select Sorrell. As noted earlier, both the plaintiff and Sorrell are African–American. Plaintiff has failed to produce any evidence to rebut Honeywell's proffered reason for choosing Sorrell and to show a causal link between the 1999 complaints and White not choosing plaintiff for the 2001 position. Thus, for these additional reasons, summary judgment should be granted on the 2001 promotion retaliation claim.

■■■ The Court also finds that there are no genuine issues of material fact with respect to plaintiff's 2002 retaliation claim. Under the evidence presented, plaintiff has shown there are issues of fact regarding his prima facie case requirement on the 2002 claim.[18] However, Honeywell has established a legitimate, nondiscriminatory reason for selecting Scott to fill the 2002 Back Up Board Operator position. Specifically, the affidavit of Audrey Dugas, the former Human Resources Manager at

14. Rec. Doc. No. 31, Exhibit A at 2.

15. *Ackel v. National Communications, Inc.,* 339 F.3d 376, 385 (5th Cir.2003).

16. The only specific evidence offered in the affidavits is Mark Willis' statement that White called plaintiff a "typical Black" in October 2000. This statement is irrelevant to the retaliation claim because it is a stray remark made temporally outside of the context of when White was selecting the Back Up Board Operator. Further, even if the statement was made, it expresses White's alleged opinion of plaintiff and says nothing about him being

angry at plaintiff for engaging in a protected activity.

17. Rec. Doc. No. 31, Exhibit A at 2.

18. *See Ackel,* 339 F.3d at 385 and *Medina v. Ramsey Steel Co.,* 238 F.3d 674, 684 (5th Cir.2001) (At the prima facie stage, "the standard for satisfying the causation element is 'much less stringent' than a 'but for' causation standard." A causal link is established when the evidence demonstrates that the employer's decision was based in part on knowledge of the employee's protected activity.).

Honeywell, sets out the logical manner in which the 2002 position was filled.[19] A five member panel[20] composed of Dugas and other Honeywell managers conducted interviews of the applicants, and the responses were assessed by each member of the panel. Scott, the individual selected, was the applicant who scored the highest assessment. Copies of the raw data sheets were produced as evidence by Honeywell that supports its decision to hire Scott and the Court's decision to grant defendant's motion for summary judgment.[21]

◼ Under established Fifth Circuit jurisprudence, if an employer produces evidence of a legitimate, nondiscriminatory reason for its decision, the plaintiff then has the burden of proving that the Title VII protected activity "was a 'but for' cause of the adverse employment decision" in order to overcome a motion for summary judgment.[22] Plaintiff has not submitted any evidence that creates material issues of fact in dispute as to this causation requirement. Instead, plaintiff only attempts to rebut defendant's evidence regarding the 2002 promotion with unsupported assertions of racism and a conspiracy on behalf of Honeywell management to keep plaintiff from becoming a Back Up Board Operator. Such blind assertions are not sufficient evidence to create a material issue of fact in dispute. Thus, summary judgment on the 2002 promotion retaliation claim is hereby granted.[23]

◼ Plaintiff has also asserted a claim for discrimination based on the 2002 hiring. The Court finds that there are no genuine issues of material fact with re-spect to plaintiff's 2002 discrimination claim. While plaintiff has established a prima facie case of discrimination, Honeywell has produced a legitimate, nondiscriminatory reason for hiring Scott to fill the 2002 Back Up Board Operator position. As the Court noted earlier in this opinion, the affidavits of the human resources manager and the plant manager, and the documents which set forth raw data on the evaluation of the applicants all show that a very objective process was utilized by Honeywell in selecting the 2002 position. There was no evidence of discrimination and Honeywell has clearly established a non-discriminatory reason why the panel did not select the plaintiff.

In response to Honeywell's proffered reason, plaintiff has produced several forms of evidence in an attempt to create factual issues as to pretext or mixed-motives. The Court now turns to a discussion of that evidence.

It is clear that plaintiff attempts to support his belief of pretext or mixed-motives with unsupported, subjective assertions of a Honeywell management conspiracy to keep him from becoming a Back Up Board Operator. To further support this conspiracy theory, plaintiff also submits the affidavits of co-workers who say that the working environment at Honeywell was not favorable to African–Americans and plaintiff was qualified to be a Back Up Board Operator. Many of these statements are either subjective beliefs which cannot be used to overcome a motion for summary judgment or contain only conclusory statements, many of which the affi-

---

19. Rec. Doc. No. 19, Exhibit B.

20. As noted earlier, the panel was set up at plaintiff's suggestion. It is difficult to find the defendant discriminated against the plaintiff for setting up a panel to select the proper applicant when it set up the panel at plaintiff's request.

21. Rec. Doc. No. 19, Exhibit G.

22. *Fierros v. Texas Dept. of Health*, 274 F.3d 187, 191 (5th Cir.2001) *citing Long v. Eastfield College*, 88 F.3d 300, 305(5th Cir.1996).

23. *Id.* at 191–92.

ants are not even competent to make. Finally, plaintiff relies on allegations that White made racially derogative remarks about him to create an issue of fact regarding the 2002 discrimination claim. However, plaintiff has failed to overcome Honeywell's motion for summary judgment because the undisputed evidence in the record shows that White played no role in determining whether plaintiff would receive the 2002 Back Up Board Operator position.

Therefore, Honeywell's motion for summary judgment should also be granted as to the 2002 discrimination claim.

### Conclusion

For the written reasons set forth above, Honeywell's motion for summary judgment is granted and plaintiff's suit is dismissed with prejudice. Judgment shall be entered accordingly.