United States Court of Appeals
Fifth Circuit

**F I L E D**

**April 16, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-51426
Summary Calendar

JOSE MALDONADO,

                                        Plaintiff-Appellant,

versus

HOME DEPOT U.S.A., INC.,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
No. 5:04-CV-790
--------------------

Before SMITH, WIENER, and OWEN, Circuit Judges.

PER CURIAM:[*]

    Jose Maldonado moves to proceed <u>in forma pauperis</u> ("IFP") on appeal from the district court's refusal to remand to state court and from a summary judgment in favor of Home Depot U.S.A., Inc. ("Home Depot"). The district court denied IFP status, certifying that the appeal was not taken in good faith. The motion to proceed IFP on appeal is construed as a challenge to that certification. See <u>Baugh v. Taylor</u>, 117 F.3d 197, 202 (5th Cir. 1997).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Maldonado's personal injury lawsuit against Home Depot is based on his claim that roofing shingles and supplies that he purchased at a Home Depot store were improperly loaded onto his trailer by Home Depot employees, causing a motor vehicle accident after he left the store. Maldonado sued Home Depot in state court under the Texas Deceptive Trade Practices Act ("DTPA") and the common law of negligence, but Home Depot removed to federal court on the basis of diversity jurisdiction under 28 U.S.C. § 1332.

Maldonado argues that his case should have been remanded to state court. Because he did not seek leave to file his motion to remand until nearly a year after Home Depot filed its notice of removal, the district court lacked authority under 28 U.S.C. § 1447(c) to consider his request to the extent he sought remand on any basis other than a lack of subject matter jurisdiction. See FDIC v. Loyd, 955 F.2d 316, 322 (5th Cir. 1992). Because the parties are diverse and record evidence shows that the amount in controversy exceeded $75,000 at the time of removal, Maldonado has no nonfrivolous basis for claiming that subject matter jurisdiction was lacking under § 1332. See White v. FCI USA, Inc., 319 F.3d 672, 675 (5th Cir. 2003).

Maldonado claims that the district court erred in granting summary judgment. After a de novo review, we conclude that summary judgment was proper. Maldonado failed to adduce evidence in support of essential elements of his negligence claim, such as why or how the materials were improperly loaded or how such conduct con-

tributed to his accident and injuries. See D. Houston, Inc. v. Love, 92 S.W.3d 450, 454 (Tex. 2002). Likewise, there is no record evidence with respect to the essential elements of the DTPA claim that Home Depot engaged in false, misleading, or deceptive acts or that any such acts caused Maldonado's claimed injuries. See Hugh Symons Group, PLC v. Motorola, Inc., 292 F.3d 466, 468 (5th Cir. 2002); see also TEX. BUS. & COM. CODE § 17.46. Summary judgment was therefore proper. See Mason, 274 F.3d at 316.

Maldonado has failed to show that his appeal involves "legal points arguable on their merits (and therefore not frivolous)." Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citation omitted). Accordingly, the motion for authorization to proceed IFP on appeal is denied, and the appeal is dismissed as frivolous. See Baugh, 117 F.3d at 202 & n.24; 5TH CIR. R. 42.2.

MOTION FOR IFP DENIED; APPEAL DISMISSED.