**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-3223
_____

OBA WILSON,
                                        Appellant

v.

CHILDRENS HOSPITAL OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:21-cv-05246)
District Judge:  Honorable Gene E.K. Pratter

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
October 4, 2024
Before:  KRAUSE, MATEY, and CHUNG, Circuit Judges

(Opinion filed:  October 15, 2024)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Oba Wilson, proceeding pro se, appeals from the District Court's grant of summary judgment in favor of the Children's Hospital of Philadelphia (CHOP) in this employment discrimination action. We will affirm.

Wilson, who is Black, was employed as a General Service Worker at CHOP. Beginning in April 2019, Wilson asked for time off so that he could care for his ill fiancée. CHOP management approved Wilson's initial request and his request for an extension but denied his second extension request on June 28, 2019, citing the Hospital's operational needs. Wilson returned to work on June 29, 2019, but, approximately two months later, developed an anxiety condition, which his doctor explained was exacerbated when working in a hospital because it triggered his experiences caring for his fiancée. Consequently, in September 2019, Wilson requested a medical leave of absence, which was approved. He never provided CHOP with an anticipated return-to-work date. Wilson remained on medical leave until June 2020, when he was terminated. That termination followed CHOP's determination that Wilson's open-ended, ongoing absence imposed a hardship on its operations. In March 2021, Wilson filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC).

In November 2021, Wilson filed a counseled complaint against CHOP in the United States District Court for the Eastern District of Pennsylvania, raising claims under Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA).[1] CHOP filed a motion for summary judgment, which the District Court

_____

[1] Wilson also brought claims under the Pennsylvania Human Relations Act (PHRA). Children's Hospital moved to dismiss those claims with prejudice because they were

2

granted. Wilson v. Children's Hosp. of Phila., 2023 WL 8092034 (E.D. Pa. Nov. 20, 2023). Wilson timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's grant of summary judgment. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). Summary judgment is appropriate if, viewing the evidence in the light most favorable to the non-moving party, "there is 'no genuine issue as to any material fact [such] that the moving party is entitled to judgment as a matter of law.'" Kelly v. Borough of Carlisle, 622 F.3d 248, 253 (3d Cir. 2010) (citation omitted). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

To establish a prima facie case of discrimination under the ADA, an employee must show that he: (1) is a disabled person under the ADA; (2) is "a qualified individual"; and (3) has suffered an adverse employment action because of the disability. McNelis v. Pa. Power & Light Co., 867 F.3d 411, 414 (3d Cir. 2017). CHOP does not dispute that Wilson is disabled or that his fiancée potentially could qualify as having a known disability. See 42 U.S.C. § 12112(b)(4) (forbidding discrimination against "a qualified individual because of the known disability of an individual with whom the qualified individual is known to have a relationship or association"). It argues, however,

_____

time-barred. Wilson stipulated to the dismissal of those claims, and the District Court dismissed them with prejudice. Wilson does not challenge that dismissal on appeal. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 146-47 (3d Cir. 2017).

that the District Court properly concluded that Wilson was not qualified for his position when he was fired.[2]  We agree.

"A 'qualified individual' is defined as one 'who, with or without reasonable accommodation, can perform the essential functions of the employment position that such individual holds or desires.'"  Turner v. Hershey Chocolate U.S., 440 F.3d 604, 611 (3d Cir. 2006) (citation omitted).  "[A]n employee must show she was qualified at the time of the adverse employment action, rather than at some earlier or later time."  Anthony v. Trax Int'l Corp., 955 F.3d 1123, 1129 (9th Cir. 2020).  In his deposition, Wilson admitted that from February 2020 through the date of his termination, he was incapable of performing the essential functions of his job.  He further explained that, during that period, he could not work in any capacity at CHOP, or any hospital, because of the aggravating effect of his anxiety.  Wilson has not identified any evidence indicating that he could have performed the essential functions of his job, with or without reasonable accommodations, at the time that he was fired.  As the District Court noted, remaining on indefinite leave was not a reasonable accommodation.  See, e.g., Byrne v. Avon Products, Inc., 328 F.3d 379, 380-81 (7th Cir. 2003).  In sum, because there is no genuine issue of material fact as to whether Wilson was a qualified individual when he was fired, we will

_____

[2] To the extent that Wilson alleged discrimination based on his request for an extension of personal leave, we agree with the District Court's determination that the claims are time-barred.  Plaintiffs in Pennsylvania bringing discrimination claims under Title VII and the ADA must exhaust their administrative remedies by filing an administrative charge with the EEOC within 300 days of the alleged discriminatory act.  42 U.S.C. § 2000e-5(e)(1); Noel v. The Boeing Co., 622 F.3d 266, 270 (3d Cir. 2010).  Wilson's request for an extension of personal leave was denied on June 28, 2019.  He filed his charge of discrimination well over 300 days later, in March 2021.

affirm the District Court's entry of summary judgment in CHOP's favor on his ADA discrimination claim.[3]

The District Court also properly granted summary judgment on Wilson's ADA retaliation claim. "Unlike a plaintiff in an ADA *discrimination* case, a plaintiff in an ADA *retaliation* case need not establish that he is a 'qualified individual with a disability.'" Krouse v. Am. Sterilizer Co., 126 F.3d 494, 502 (3d Cir. 1997). But Wilson must still show "(1) protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action." Krouse v. Am. Sterilizer Co., 126 F.3d 494, 500 (3d Cir. 1997). Wilson claimed that he engaged in protected activity "in the form of requesting a continued leave of absence in connection with his own disability." But, as the District Court observed, there is no evidence of such a request in the record.[4] See Wilson, 2023 WL 8092034, at *8

---

[3] Wilson's inability to perform the essential functions of the job similarly dooms his Title VII race discrimination claim, which required that he establish, among other things, that he was qualified for the position he sought to retain. See Makky v. Chertoff, 541 F.3d 205, 214 (3d Cir. 2008) (citing McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973)); see also Mason v. United Air Lines, Inc. 274 F.3d 314, 318 (5th Cir. 2001) (holding that Title VII plaintiff, who "candidly acknowledged that it was not possible for him to perform the requisites of the . . . assignment" because of physical limitations, was not qualified for the position).

[4] To the extent that Wilson alleged that his *initial* request for medical leave was protected activity, he failed to establish a causal nexus between that September 2019 request and his termination in June 2020. See LeBoon v. Lancaster Jewish Cmty. Ctr. Ass'n, 503 F.3d 217, 233 (3d Cir. 2007) (concluding in the context of a Title VII retaliation claim that "[a]lthough there is no bright line rule as to what constitutes unduly suggestive temporal proximity, a gap of three months between the protected activity and the adverse action, without more, cannot create an inference of causation and defeat summary judgment").

5

("At most, the record shows that Mr. Wilson remained on leave, provided no return-to-work date, did not communicate with any CHOP . . . personnel, and did not request additional leave in connection with his anxiety."). Wilson has not pointed to any such evidence on appeal.[5]

For the foregoing reasons, we will affirm the judgment of the District Court.

_____

[5] We also note that Wilson has not challenged in his opening brief the District Court's determination that his claims for front and back pay were barred because he voluntarily removed himself from the labor market and did not seek out comparable employment. Barna, 877 F.3d at 146-47.