**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 02-10089
Summary Calendar

_____

ALBENJAMIN BLANKS,

Plaintiff-Appellant,

versus

SOUTHWESTERN BELL COMMUNICATIONS, INC., individually
and doing business as Southwestern Bell, doing business as SBC
Operations, Inc., doing business as Southwestern Bell Telephone
Company; SOUTHWESTERN BELL TELEPHONE COMPANY,
individually and doing business as Southwestern Bell Telephone
Company of Texas, doing business as Southwestern Bell Services,
doing business as Southwestern Bell Telephone Company, doing
business as Southwestern Bell,

Defendant-Appellee.

_____

Appeal from the United States District Court
For the Northern District of Texas

_____

November 4, 2002

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

CLEMENT, Circuit Judge:

Appellant, who is HIV positive, alleges that his former employer, Southwestern Bell ("SWB"), failed to accommodate him as required by the Americans with Disabilities Act of 1990 ("ADA"). 42 U.S.C. § 12101 _et seq._ Appellant further alleges that appellee constructively discharged him from the company. The district court found that, viewing the evidence in the light

most favorable to the appellant, there was no triable issue of fact to show: (1) that appellant's HIV status qualified him as disabled under the ADA; (2) that appellee failed to offer appellant reasonable accommodation; or (3) that appellee constructively discharged appellant. Because we conclude Blanks was not a qualified individual with a disability for purposes of the ADA, we affirm.

## I. FACTS AND PROCEEDINGS

SWB employed appellant, Albenjamin Blanks ("Blanks"), from 1977 until June 1997. Blanks held several positions in the company, eventually working as a residential customer service representative ("CSR") from 1992 to 1996. In 1996, Blanks took short-term medical disability for depression and work-related stress. While on leave in November 1996, doctors diagnosed Blanks with HIV and he sought treatment for the disease.

Blanks received a medical release to return to work. In granting the release, the doctor recommended that Blanks not work in CSR because dealing with belligerent customers on a daily basis had contributed to his earlier stress and depression. For several months in early 1997, SWB and Blanks attempted to agree upon an appropriate company position. SWB offered Blanks his earlier position as a supplies attendant, but he could not accept the offer because recent hemorrhoid surgery prevented him from doing the required lifting. Blanks requested an internal CSR position, which he thought would be less stressful. SWB denied his request, but eventually offered Blanks a position as a general clerk at a salary approximately $100 less per week than his previous CSR position. Blanks accepted the job and worked for approximately two weeks in June before submitting a letter of resignation on June 18, 1997, in which he stated that he could not continue to support his family due to the pay cut associated with the clerk position.

Blanks filed a charge of disability discrimination with the Texas Commission on Human Rights

("TCHR") on September 8, 1997. Blanks received his right-to-sue letter and filed suit in the Northern District of Texas. The court granted summary judgment to SWB. In a well-reasoned memorandum opinion by Judge Fitzwater, the court found that Blanks failed to raise a genuine issue of material fact to show: (1) that he qualified for disability status under the ADA; (2) that SWB failed to accommodate him; or (3) that he was constructively discharged.

## II.  STANDARD OF REVIEW

We review the district court's summary judgment rulings *de novo*, applying the same standard as the district court. *Wyatt v. Hunt Plywood Co., Inc.*, 297 F.3d 405, 408 (5th Cir. 2002). The Court may grant summary judgment where there is "no genuine issue as to any material fact" and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c). The Court determines the materiality issue according to the substantive law of the case. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 248 (1986). In making the ultimate determination of whether summary judgment was proper, the Court reviews the facts, and all inferences drawn from those facts, in the light most favorable to the party opposing the motion. *See Jurgens v. EEOC*, 903 F.2d 386, 388 (5th Cir. 1990).

## III.  ANALYSIS

A.  *Blanks' Status Under the ADA*

To establish a *prima facie* case for discrimination under the ADA, a plaintiff must be a qualified individual with a disability. *Mason v. United Airlines*, 274 F.3d 314, 316 (5th Cir. 2001). The term "disability" under the ADA means: "(A) a physical impairment that substantially limits one or more of the major life activities of such individual; (B) a record of such an impairment; or (C) being regarded as having such an impairment." 42 U.S.C. § 12102(2).

3

1. Actual Disability

In determining whether an individual's HIV st atus qualifies as a disability under the first prong, we examine three factors: (1) whether the HIV infection is a physical impairment; (2) whether appellant relies on a part icular major life activity under the ADA; and (3) whether the impairment substantially limits the major life activity. *See Bragdon v. Abbott*, 524 U.S. 624, 631 (1998). Major life activities may include "[a]ny physiological disorder, or condition, cosmetic disfigurement, or anatomical loss affecting one or more of the following body systems: neurological, musculoskeletal, special sense organs, respiratory (including speech organs), cardiovascular, reproductive, digestive, genito-urinary, hemic and lymphatic, skin, and endocrine." *Sutton v. United Airlines, Inc.*, 527 U.S. 471, 479-80 (1999). The Supreme Court has held that asymptomatic HIV qualifies as a physical impairment from the moment of infection, *Bragdon*, 524 U.S. at 637, and that HIV substantially limits the major life activity of reproduction. *Id.* at 647. Accordingly, an HIV-positive person who shows that he or she is substantially limited in the major life activity of reproduction is entitled to protection under the ADA. *Id.*

Although we consider Blanks physically impaired by his HIV status, *id.* at 637, he fails to cite in his brief or develop in the record how any of his major life activities are impaired. Specifically, Blanks fails to assert that his HIV status substantially impaired his major life activity of reproduction. Blanks testified that after his wife gave birth to their daughter in the early 1990's–long before SWB's alleged discrimination–the couple decided not to have any more children and his wife underwent a procedure to prevent her from having any more children. 3 R. at 415-16. Because Blanks does not want to have any more children, and because he fails to assert any facts to the contrary, he does not raise a triable issue of fact to indicate that his HIV status substantially limited his major life activity

of reproduction. *See Gutwaks v. American Airlines, Inc.*, No. 3:98-CV-2120-BF, 1999 WL 1611328 (N.D. Tex. Sept. 2, 1999) (holding that plaintiff who did not want to have children and who did not allege that his other major life activities were impaired was not qualified to recover under the ADA).

If an individual is not substantially limited with respect to any other major life activity, the Court may consider whether the individual is substantially limited in the major life activity of working. *Dutcher v. Ingalls Shipbuilding*, 53 F.3d 723, 726 n.10 (5th Cir. 1995). To be substantially limited in the major life activity of working, one must be "significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities." 29 C.F.R. § 1630.2(j)(3). While an individual need not be completely unable to work, one is not substantially limited in working if he or she is unable to perform a single job or a narrow range of jobs. *See id*. In this case, although Blanks preferred a customer service position, he made it clear in the record that he was willing to do nearly any job that paid the same as the residential CSR position. He maintains that his HIV status only substantially affected his ability to perform his former position as residential CSR. Because Blanks' HIV status only precluded him from performing a single job, he cannot be considered as substantially limited in the major life activity of working. As such, Blanks does not qualify as disabled under the first prong of the ADA.

2. "Record of" Disability

The second prong of the ADA entitles a plaintiff to protection if he or she can show that both: (1) the plaintiff has a record or history of impairment; and (2) the impairment limits a major life activity. *Dupre v. Charter Behavioral Health Systems of Lafayette, Inc.*, 242 F.3d 610, 615 (5th Cir. 2001). Although an individual may show that he or she has a record of impairment, if he or she fails

5

to show that the impairment is substantially limiting, the individual may not qualify as disabled under this prong. *See Sherrod v. American Airlines, Inc.*, 132 F.3d 1112, 1121 (5th Cir. 1998). While there are sufficient facts to allege that Blanks had a record of impairment, he may not qualify as disabled under the "record of" prong because he failed to raise a genuine issue of fact to show that he was substantially limited in a major life activity. *Id.*

3. "Regarded As" Disabled

An individual may also qualify for protection under the ADA if he or she is "regarded as" disabled by his or her employer. An employee may be "regarded as" disabled if he or she "has an impairment which is not substantially limiting but which the employer perceives as constituting a substantially limiting impairment." *Bridges v. Bossier*, 92 F.3d 329, 332 (5th Cir. 1996). If the employer excludes the impaired employee from a broad range of jobs, the employee is "regarded as" disabled under the ADA. *See id.* at 334. If the employee is merely excluded from a narrow range of jobs, then he or she is not "regarded as" disabled under this prong. *Id.* (asserting that a "broad range" implies more than two job types).

Blanks failed to allege sufficient facts to allow a reasonable trier of fact to conclude that he may have been "regarded as" disabled by SWB. The only proof he puts forth is a statement by a coordinator of his return to work that Blanks "had a permanent disability that would never allow [Blanks] to work as a customer service representative at Southwestern Bell." 3 R. at 404. This statement, even when viewed in the light most favorable to Blanks, is not enough for a trier of fact to conclude that Blanks was regarded as disabled under the terms of the ADA. In fact, the coordinator later tried to place Blanks in several alternate positions, thereby making it clear that she did not regard him as unable to perform a broad range of jobs–only the particular job of a customer

6

service representative. *See Sutton,* 527 U.S. at 493 (holding that the position of a global airline pilot is a single job, and restriction from that job does not constitute a substantial limitation on the major life activity of working). Consequently, Blanks also fails the "regarded as" disabled prong of the ADA and is not qualified for protection under the statute.

B. *Blanks' Accommodation and Constructive Discharge Claims*

We conclude that Blanks is not entitled to ADA protection, hence, we need not decide whether SWB failed to reasonably accommodate him or whether SWB constructively discharged him.

## IV. CONCLUSION

Because plaintiff failed to raise a genuine issue of material fact suggesting that he is qualified as disabled under the ADA as a result of his HIV status, we affirm the judgment of the district court.