886 So.2d 468 (2004)
Lowery M. THOMAS
v.
LOUISIANA CASINO CRUISES, INC.
No. 2003 CA 1937.
Court of Appeal of Louisiana, First Circuit.
June 25, 2004.
Writ Denied October 29, 2004.
*469 John N. Samaha, Baton Rouge, Counsel for Plaintiff/Appellant Lowery M. Thomas.
Murphy J. Foster, III, Melissa M. Shirley, Baton Rouge, Counsel for Defendant/Appellee Louisiana Casino Cruises, Inc.
Before: FOIL, FITZSIMMONS, and GAIDRY, JJ.
FITZSIMMONS, J.
Plaintiff, Mr. Lowery M. Thomas, sued defendant, Louisiana Casino Cruises, Inc. (casino) for unlawful employment discrimination and prayed for damages. The casino filed a motion for summary judgment asserting that Mr. Thomas was not able to establish the essential elements of his *470 cause of action, including the requirement to show that he was a "disabled person." After a hearing, the trial court agreed. The court granted the summary judgment in favor of the casino and dismissed Mr. Thomas' suit. Mr. Thomas appealed. We affirm.
Summary judgment procedure is "favored" and "is designed to secure the just, speedy, and inexpensive determination of every action...." La. C.C.P. art. 966 A(2). In determining whether summary judgment is appropriate, appellate courts review evidence de novo under the same criteria that govern the trial court's determination of whether summary judgment is appropriate. Sanders v. Ashland Oil, Inc., 96-1751, p. 7 (La.App. 1 Cir. 06/20/97), 696 So.2d 1031, 1035, writ denied, 97-1911 (La.10/31/97), 703 So.2d 29. Summary judgment is properly granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with affidavits, if any, show that there is no genuine issue as to material fact, and that the mover is entitled to judgment as a matter of law." La. C.C.P. art. 966 B. The burden of proof on a motion for summary judgment "remains with the movant. However, if the movant will not bear the burden of proof at trial ..., the movant's burden ... is to point out ... that there is an absence of factual support for one or more elements essential to the adverse party's claim, action or defense." La. C.C.P. art. 966 C(2). If the non-moving party then "fails to produce factual support sufficient to establish that he will be able to satisfy his evidentiary burden of proof at trial, there is no genuine issue of material fact." La. C.C.P. art. 966 C(2).
An "otherwise qualified disabled person shall" not "be subjected to discrimination in employment" based on "a disability." La. R.S. 23:323 A. An "`Otherwise qualified disabled person' means a disabled person who, with reasonable accommodation, can perform the essential functions of the employment position that such person holds or desires." La. R.S. 23:322(8). "'Disabled person' means any person who has a physical or mental impairment which substantially limits one or more of the major life activities...." La. R.S. 23:322(3). "`Major life activities' means functions such as caring for one's self, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." La. R.S. 23:322(7). These Louisiana statutes are similar to the Americans with Disabilities Act, 42 USC § 12101, et seq. In interpreting Louisiana's employment discrimination laws, our courts have relied upon similar federal statutes and the interpreting federal jurisprudence. See Boudreaux v. Louisiana Casino Cruises, Inc., 99-1168, p. 5 (La.App. 1 Cir. 6/23/00), 762 So.2d 1200, 1204, writ denied, 00-2229 (La.10/27/00), 772 So.2d 651; Hicks v. Central Louisiana Electric Company, Inc., 97-1232, p. 3 (La.App. 1 Cir. 5/15/98), 712 So.2d 656, 658.
To defeat a motion for summary judgment against an employment disability claim, the claimant must establish a prima facie case that: (1) he has a disability, as defined by the statute, (2) he is qualified for the job, and (3) an adverse employment decision was made solely because of the disability. Hook v. Georgia-Gulf Corporation, 99-2791, p. 8 (La.App. 1 Cir. 1/12/01), 788 So.2d 47, 53, writ denied, 01-1098 (La.6/1/01), 793 So.2d 200. The threshold essential element of the claim is whether the claimant meets the statutory definition of "disabled." Id. "Whether an impairment substantially limits a major life activity is determined in light of (1) the nature and severity of the impairment, (2) its duration or expected duration, and (3) its permanent or expected permanent or long-term impact." Dutcher v. Ingalls Shipbuilding, *471 53 F.3d 723, 726 (5 Cir.1995). "When the major life activity under consideration is that of working, the statutory phrase `substantially limits' requires, at a minimum, that plaintiffs allege they are unable to work in a broad class of jobs." Sutton v. United Air Lines, Inc., 527 U.S. 471, 491, 119 S.Ct. 2139, 2151, 144 L.Ed.2d 450 (1999) (in relation to ability to continue work as a regional or domestic pilot, inability to work as a global pilot was seen only as limitation on a particular job); Blanks v. Southwestern Bell Communications, 310 F.3d 398, 401 (5 Cir.2002). An inability to perform a single job, or a narrow range of jobs, can be seen as not constituting a substantial limitation on the major life activity of working, or as not reaching a major life activity. Blanks, 310 F.3d at 401; Dutcher, 53 F.3d at 727. The "inability to perform one aspect of a job while retaining the ability to perform the work in general does not amount to a substantial limitation of the activity of working." Dutcher, 53 F.3d at 727; 29 C.F.R. § 1630.2(j)(3)(i).
Whether an impairment substantially limits a claimant in a broad range of jobs, or only in a narrow range, is a mixed question of law and fact. Bridges v. City of Bossier, 92 F.3d 329, 333 (5 Cir.1996), cert. denied, 519 U.S. 1093, 117 S.Ct. 770, 136 L.Ed.2d 715 (1997). The question of what constitutes a substantial limitation on a major life activity is a legal question. Bridges, 92 F.3d at 334. An underlying factual question could involve what type of jobs and how many were available to the claimant despite his impairment. Bridges, 92 F.3d at 333.
Mr. Thomas began his work as a security guard with the casino in July of 1996. He worked both outdoor and indoor security posts around the casino. However, because of prior criminal convictions, he was unable to obtain a gaming employee permit that would have allowed him to work inside the casino itself. In February of 1997, he presented the casino with notes from his doctor. Admittedly, he was HIV positive at that time. One note stated that: "Mr. Thomas has a chronic sinus condition, and a weakened immune system which makes it easy for him to catch infections such as pneumonia. He must work inside only." Although Mr. Thomas positively identified only the outdoor post nearest the river as the cause of his symptoms, he thought it could have been other posts as well. In spite of the doctor's note, the casino required Mr. Thomas, as part of his duties, to relieve other officers, which periodically necessitated working at the outdoor security posts. Effective March 4, 1997, the casino released Mr. Thomas from his employment for "Chronic medical condition which prohibits him from performing necessary duties of a security officer."
After he left the casino, Mr. Thomas worked in various positions, including a start-up business of his own. For a short time, he worked as a forklift operator, but left that position because he had "no room to grow." He also worked for United Parcel Service and eventually for Home Depot. At Home Depot, he was hired as a lumber department associate, and was later promoted to department supervisor. In response to a question about whether Mr. Thomas had to remain indoors, he testified at trial that: "I can get outside just like  I can do anything you can do." The record does not show whether the inability to work outdoors was permanent or was expected to be permanent.
"A physical impairment, standing alone, is not necessarily a disability as contemplated by" the applicable law for discrimination claims. Dutcher, 53 F.3d at 726. From our review of the record before us, we find that Mr. Thomas failed to demonstrate a genuine issue of material *472 fact existed as to how many jobs or job categories were available, and whether he was unable to work in a broad range of jobs as a result of his asserted impairment. While Mr. Thomas did prove that he was unable to work outdoors for a period of time during his employment with the casino, the evidence also revealed that he was able to work as an indoor security guard, a forklift operator, a lumber consultant, and later, a supervisor. At best, this particular record shows only that, for a period of time in 1997, claimant was unable to perform a narrow range of jobs, that is, those requiring substantial outdoor work. Based on these particular facts, we agree that Mr. Thomas failed to establish that (1) working outdoors as a casino security guard in 1997 qualified as a separate major life activity or (2) his physical impairment substantially limited his ability to work in general. Therefore, Mr. Thomas did not meet the statutory definition of a "disabled person," a threshold and essential element of his discrimination claim. See La. R.S. 23:322(3); C.C.P. art. 966 C(2).
For these reasons, we find no error in the trial court's grant of the summary judgment in favor of defendant, Louisiana Casino Cruises, Inc. The judgment is affirmed at Mr. Thomas' cost.
AFFIRMED.