United States Court of Appeals
Fifth Circuit

**F I L E D**

August 31, 2004

Charles R. Fulbruge III
Clerk

**UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

04-40141
Summary Calendar

SHARON J. ZIMMER,

Plaintiff-Appellant,

VERSUS

SOUTHWESTERN BELL TELEPHONE COMPANY,

Defendant-Appellee.

Appeal from the United States District Court
For the Eastern District of Texas
(4:01-CV-139)

Before DUHÉ, STEWART, and DENNIS, Circuit Judges.

PER CURIAM:[1]

Plaintiff-Appellant Sharon Zimmer was employed as a directory assistance operator with Defendant-Appellee Southwestern Bell Telephone Company (SWBT) in McKinney, Texas. After an automobile accident on February 1, 1996, Zimmer was on short-term disability leave until September 1996.[2] She then resumed her job without incident until November 1997. On Thanksgiving Day she created an office disturbance, causing customer service to be affected,

---

[1] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

[2] R. 142-43.

according to SWBT's investigation.[3] She was given one-day Decision Making Leave, with pay, to decide whether she wanted to keep her job or not. On her leave day Zimmer visited her psychiatrist, and the doctor put her on short-term disability leave because of stress.[4]

While Zimmer was on leave, SWBT closed its McKinney facility and offered her a position in downtown Dallas. Zimmer rejected that offer. SWBT changed Zimmer's status to retired and gave her permanent pension disability and lifetime medical and dental benefits.[5] Zimmer sued SWBT for discrimination under the Americans with Disabilities Act, and the district court denied her all relief on a motion for summary judgment by SWBT. We affirm.

## I.

A plaintiff makes a prima facie showing of ADA discrimination by establishing that she 1) is disabled or is regarded as disabled; 2) is qualified for the job; 3) was subjected to an adverse employment action on account of her disability; and 4) was replaced by or treated less favorably than non-disabled employees.[6] Granting summary judgment for SWBT, the district court found that Zimmer failed to produce evidence that she is disabled or regarded

---

[3] R. 184.

[4] R. 159-60, 170-73, 213.

[5] R. 145-148, 189, 191.

[6] McInnis v. Alamo Cmty. Coll. Dist., 207 F.3d 276, 279-80 (5th Cir. 2000).

as disabled, that SWBT took adverse employment action against her because of her disability, and that the SWBT treated her less favorably than other non-disabled employees similarly situated.

A plaintiff's failure to establish a genuine issue of material fact on any of the essential elements of her claim entitles defendant to summary judgment.[7] We affirm on the basis that Plaintiff has failed to establish that she was replaced by or treated less favorably than non-disabled employees.

With the closure of the McKinney facility, Plaintiff was not replaced at all. Nor has she shown that SWBT treated her less favorably than other non-disabled employees similarly situated. Upon closure of the McKinney office, she was offered her same position in the downtown Dallas office. Zimmer testified that her doctors would not allow her to accept a position that would require her to walk on curbs and face the stress of traffic.[8]

According to Zimmer, some other "surplussed" employees were offered positions in Garland, Greenville, Plano, and Richardson.[9] Zimmer offered no evidence, however, that others were offered jobs at more than one facility. Nor did she produce evidence that she requested a placement in one of the smaller cities. Her argument that SWBT employees did not testify that they did not know she was

---

[7] See Blanks v. Southwestern Bell Communs., Inc., 310 F.3d 398, 402 (5th Cir. 2002).

[8] R. 218-19.

[9] R. 218-20.

requesting assignment to a more convenient facility is beside the point, because Zimmer herself bore the burden of proof on this element.[10]

Even with all the evidence viewed in Zimmer's favor, her ADA claim fails because she has not shown that she was treated differently from others similarly situated.[11]

While the district court presented a careful analysis of other elements of Zimmer's claim, if she failed to establish the essential element that the SWBT treated her less favorably than other non-disabled employees similarly situated, that element alone is dispositive.[12]

---

[10] See McInnis, 207 F.3d at 279 (plaintiff must first make prima facie showing to establish each element); see also Burch v. City of Nacogdoches, 174 F.3d 615, 621 (5th Cir. 1999) ("[W]e will not attribute extra-sensory perception to the [employer]: the record does not offer a single example of [plaintiff's] asking the [employer] to transfer him . . . .").

[11] See Nacogdoches, 174 F.3d at 621 n.11 ("Had [plaintiff] shown that the [employer] treated him differently from others similarly situated by not reassigning him under identical conditions, his position on appeal would have been much stronger. . . . Construing the facts in the light most favorable to [plaintiff] does not require us to credit otherwise unsupported assertions."); see also Daugherty v. City of El Paso, 56 F.3d 695, 700 (5th Cir. 1995) ("What [plaintiff] failed to show, however, was that any such alleged failings [in the employer not matching displaced employees to openings, lining up interviews, etc.] were the result of discrimination based on his disability. There was no proof that the [employer] treated him worse than it treated any other displaced employee,") cert. denied, 516 U.S. 1172, 116 S.Ct. 1263, 134 L.Ed.2d 211 (1996).

[12] Herrera v. Millsap, 862 F.2d 1157, 1159 -1160 (5th Cir. 1989)("[A] complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.").

4

## II.

The remaining two assignments of error are the court's exclusion of Zimmer's evidence and argument that she is substantially limited in the major life activity of learning, and the court's disallowance of an amendment to the complaint to assert a learning disability. These two errors could affect only the court's determination that Zimmer is not disabled. Our decision does not turn on the disability element of Zimmer's claim. With or without the amendment or the evidence, Zimmer failed to establish a genuine issue of material fact on an essential element of her claim as discussed in Part I. SWBT is entitled to judgment as a matter of law under Rule 56(c).

The judgment of the district court is

AFFIRMED.

5