Affirmed and Memorandum Opinion filed February 24, 2009








Affirmed and Memorandum Opinion filed February 24,
2009.

 

 

In The

 

Fourteenth Court of
Appeals

_______________

 

NO. 14-07-00925-CV

_______________

 

LATOYA BASEY, Appellant

 

V.

 

DAVITA, INC., D/B/A TOTAL RENAL CARE, NELDA
BOATWRIGHT, AND FRESENIUS MEDICAL CARE HOLDING, INC., D/B/A FRESENIUS MEDICAL
CARE NORTH AMERICA D/B/A NORTHWEST HOUSTON DIALYSIS, AND BIOMEDICAL
APPLICATIONS OF TEXAS, INC., Appellees

                                                                                                                                               


On Appeal from the 55th District Court

Harris County, Texas

Trial Court Cause No. 2006-35032

                                                                                                                                               


 

M E M O R A N D U M  O P I N I O N

In this
disability discrimination and tort case, appellant, Latoya Basey, appeals from
a take-nothing summary judgment rendered in favor of appellees, DaVita, Inc.,
d/b/a Total Renal Care, Nelda Boatwright, and Fresenius Medical Care Holding,
Inc., d/b/a Fresenius Medical Care North America d/b/a Northwest Houston
Dialysis, and Biomedical Applications of Texas, Inc.  Because our disposition
is based on settled law, we issue this memorandum opinion and affirm.  See
Tex. R. App. P. 47.4.








I.  Factual and Procedural Background

In
August 2003, Nelda Boatwright hired Basey as a Patient Care Technician (APCT@) and was Basey=s supervisor at DaVita during Basey=s employment.  The PCT position
required repetitive standing, lifting, bending, stooping, and walking.  Basey
also had to be able to lift at least thirty-five pounds and have sufficient
strength to move patients weighing over one hundred pounds.

In
October 2003, Basey allegedly injured her back at work.  Basey did not return
to work until June 11, 2004, and, at that time, Basey=s chiropractor restricted her from
stooping or twisting for more than two to four hours per day and from lifting
more than ten pounds.  Boatwright therefore created a temporary light duty
position for Basey, in which Basey answered telephones and delivered messages. 
Based on the chiropractor=s evaluation, contained in a workers= compensation status report, 
Boatwright expected the restrictions to last only until August 11, 2004.  On
September 8, 2004, after Boatwright received the chiropractor=s evaluation continuing the
restrictions through November 11, 2004, Boatwright fired Basey.

On
September 13, 2004, Basey filed a disability discrimination charge with the
Texas Workforce Commission-Civil Rights Division and the Equal Employment
Opportunity Commission (AEEOC@).  Two days later, the EEOC dismissed her charge, concluding
that Basey=s allegations did not state a claim under any statutes enforced by the
EEOC and did not involve a disability as defined by the Americans with
Disabilities Act (AADA@).








On March
2, 2005, Basey applied for a PCT position at the Northwest Houston Dialysis
Center (ANorthwest@), a Fresenius facility.  Basey
submitted her application to Northwest clinic manager, Hazel Shepherd, who was
under the supervision of Eugenia de los Reyes, the area manager for Biomedical
Applications of Texas, Inc.  According to Basey, Shepherd offered her the
position, and Basey was to meet with de los Reyes the following day to
negotiate her hourly wage.  When Basey arrived home, however, she received a
call and was informed that the appointment had been cancelled.  Basey then
called Shepherd and asked why the appointment was cancelled.  According to
Basey, Shepherd said de los Reyes had told Shepherd not to hire Basey because
she was formerly employed by DaVita, had a back injury, and filed a complaint
against DaVita.

Basey
asserts that she called Shepherd again. This time she recorded the
conversation.  According to Basey, Shepherd stated de los Reyes told Shepherd
not to hire Basey because she recognized her name and she had Afiled a lawsuit against DaVita and a
worker=s compensation or something like
that. And that [she] had something legally pending against them.@  Shepherd denied having talked with
Basey about DaVita.  According to de los Reyes, there was no job opening at
Fresenius by the time Basey applied.

Basey
sued DaVita, Inc., d/b/a Total Renal Care, and Nelda Boatwright (collectively, ADaVita@) and Fresenius Medical Care Holding,
Inc., d/b/a Fresenius Medical Care North America d/b/a Northwest Houston
Dialysis and Biomedical Applications of Texas, Inc. (collectively, AFresenius@) for discrimination, retaliation,
and various torts.  DaVita and Fresenius filed separate motions for summary
judgment.  In their motions, both DaVita and Fresenius asserted traditional and
no evidence grounds.

In her
response, Basey stated she was pursuing only the following claims against
DaVita: workers= compensation retaliation, disability discrimination, failure
to provide reasonable accommodation, and retaliation.  She also stated she was
pursuing only the following claims against Fresenius:  disability
discrimination and retaliation.  She also objected to portions of DaVita=s and Fresenius=s summary judgment proof.








DaVita
and Fresenius replied and objected to portions of Basey=s proof.  The trial court denied all
of Basey=s objections.  The court sustained
objections to selected paragraphs of Basey=s affidavit, EEOC documents
pertaining to Basey=s complaint against Northwest, a letter from DaVita=s counsel to an EEOC investigator,
and the transcript of the telephone conversation Basey purportedly recorded.

Without
stating its grounds, the trial court granted DaVita=s and Fresenius=s summary judgment motions.  The
court dismissed with prejudice all of Basey=s claims against DaVita and
Fresenius.

II.  Discussion

Basey
lists the following Aissues@ on appeal: (1) AThree charges of discrimination took
place by Appellees= [sic] toward Appellant@; (2) AEqual Employment Opportunity
Commission Determination Letter@; and (3) AFresenius Medical Care reguarded [sic] Appellant as being
disabled and a job opening in 2005.@  We interpret Basey as challenging
the trial court=s grant of summary judgment in favor of DaVita and Fresenius.

When, as
here, the trial court does not specify in its
order the grounds on which it relied in granting summary judgment, we must affirm the summary judgment if any of the grounds presented is meritorious.  W. Invs., Inc. v.
Urena, 162 S.W.3d 547, 550 (Tex. 2005); Pico v. Capriccio Italian Rest., 209 S.W.3d 902, 905 (Tex. App.CHouston [14th Dist.] 2006, no pet.). 
Thus, to prevail on appeal, Basey must show that each of the movants= theories is meritless.  See Star‑Telegram,
Inc. v. Doe, 915 S.W.2d 471, 473 (Tex. 1995).

DaVita
and Fresenius moved for summary judgment on
both traditional and no-evidence grounds.  After adequate
time for discovery, a party may move for summary judgment on the ground there
is no evidence of one or more essential elements of a claim or defense on which
an adverse party would have the burden of proof at trial. Tex. R. Civ. P.
166a(i); Urena, 162 S.W.3d at 550; Pico, 209 S.W.3d at 905.  The
movant must state the elements as to which there is no evidence. Tex. R. Civ.
P. 166a(i).  Unless the respondent produces summary judgment evidence raising a
genuine issue of material fact, the trial court must grant the motion. Id.;
Urena, 162 S.W.3d at 550; Pico, 209 S.W.3d at 905.








As set
forth above, in response to DaVita=s summary judgment motion, Basey
stated she was pursuing only her claims for workers= compensation retaliation, disability
discrimination, failure to provide reasonable accommodation, and Aretaliation.@  In response to Fresenius=s motion, she stated she was pursuing
only her claims for disability discrimination and retaliation.

Disability
discrimination and failure to accommodate.  To prevail on her disability
discrimination claim, Basey was required to show she (1) has a disability, (2)
is qualified for the job she seeks, and (3) suffered an adverse employment
decision solely because of her disability.  Turco v. Hoechst Celanese Corp.,
101 F.3d 1090, 1092 (5th Cir.1996) (per curiam); Davis v. City of Grapevine,
188 S.W.3d 748, 757 (Tex. App.CFort Worth 2006, pet. denied).[1] 
Both DaVita and Fresenius alleged there was no evidence Basey was disabled as
defined by the ADA.  On appeal, Basey does not challenge this ground nor point
to summary judgment proof that would raise a material fact issue relative to
this element of her claim.

In
response to Basey=s failure-to-accommodate claim, DaVita contends there is no
evidence of disability.  Basey=s failure to challenge the-no-evidence-of-disability ground defeats
her challenge to summary judgment on the failure-to-accommodate claim.  See
Blanks v. Sw. Bell Commc=ns, Inc., 310 F.3d 398, 402 (5th Cir. 2002)
(concluding court  did not need to decide failure-to-accommodate claim when it
had concluded plaintiff was not entitled to ADA protection because he had not
raised a material fact issue on whether he was disabled).








Retaliation.  In the section of her live
pleadings setting forth her causes of actions, Basey alleged only workers= compensation retaliation.  In her
summary of the facts, however, she referred to retaliation for having filed a
workers= compensation claim and for filing a
charge of discrimination.  In her response to DaVita=s and Fresenius=s motions for summary judgment, Basey
referred to workers= compensation retaliation and to retaliation generally.

To prove
either a claim for workers= compensation retaliation or for retaliation for a protected
activity, Basey had to prove a causal link between her conduct and the employer=s adverse action.  See Dias v.
Goodman Mfg. Co., 214 S.W.3d 672, 676 (Tex. App.CHouston [14th Dist.] 2007, pet.
denied) (explaining, under Texas Labor Code section 21.055, proscribing
discrimination or retaliation in the workplace, employee must establish causal
link between employee=s protected activity and employer=s adverse action); Benners v.
Blanks Color Imaging, Inc., 133 S.W.3d 364, 369 (Tex. App.CDallas 2004, no pet.) (explaining,
under Texas Labor Code sections 451.001 and .002(c), employee has burden of
demonstrating causal link between discharge or discrimination and filing of
workers= compensation claim).  In their
summary judgment motions, DaVita and Fresenius alleged there was no evidence of
a causal link between Basey=s filing of her workers= compensation and discrimination
claims and their respective decisions to terminate, and not to hire, her.








On
appeal, Basey does not refer this court to any evidence raising a fact issue
that DaVita terminated her employment because she filed a workers= compensation claim.  Basey does
argue there is evidence Fresenius (Northwest) declined to hire her because it
learned of her injury and a discrimination charge she filed against DaVita
after DaVita terminated her employment.[2]  The only
summary judgment proof she cites, however, consists of (1) the tape of the
alleged telephone conversation between Basey and Shepherd, and (2) a February
9, 2006 EEOC determination in which the Commission found in favor of Basey on
her claim against Northwest.  The trial court sustained DaVita=s and Fresenius=s objections to this evidence, and
Basey does not provide argument or authority explaining how the trial court
erred in this regard.  Accordingly, she has forfeited any objection to the
trial court=s ruling.  See Tex. R. App. P. 38.1(h); San Saba Energy, L.P.
v. Crawford, 171 S.W.3d 323, 338 (Tex. App.CHouston [14 Dist.] 2005, no pet.)
(holding that, even though courts interpret briefing requirements reasonably
and liberally, party asserting error on appeal still must put forth some
specific argument and analysis citing record and authorities in support of
party=s argument).

In
conclusion, we hold Basey presented no evidence to support the element of
disability, which was required to maintain her claims of disability
discrimination and failure to accommodate, and presented no evidence to support
the element of causation, which was required to maintain her claims of
retaliation.  The trial court=s grant of DaVita=s and Fresenius=s motions for summary judgment is
supportable on those grounds.  Accordingly, we overrule Basey=s three issues and affirm the trial
court=s judgment.

 

 

 

/s/        Charles W. Seymore

Justice

 

 

 

Panel consists of Chief Justice
Hedges and Justices Anderson and Seymore.









[1]   Because one purpose of the Commission on Human
Rights Act is to bring Texas law in line with federal laws addressing
discrimination, we may cite federal case law as authority.  Specialty
Retailers, Inc. v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996).





[2] Even if one assumes Northwest knew Basey had filed a
workers= compensation claim while at DaVita, Basey would not
have a cause of action against Northwest for declining to hire her.  See
Stoker v. Furr=s, Inc., 813
S.W.2d 719, 724 (Tex. App.CEl Paso 1991,
writ denied) (holding predecessor to present workers= compensation statute did not create cause of action
in absence of existing employer/employee relationship.)