# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-30417
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

February 25, 2016

Lyle W. Cayce
Clerk

MICHELLE CALDERONE

       Plaintiff – Appellant

v.

TARC

       Defendant – Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:13-CV-6687

Before WIENER, HIGGINSON, and COSTA, Circuit Judges.

PER CURIAM:*

Michelle Calderone appeals the district court's order granting summary judgment in favor of her former employer, TARC, on various claims under the Family Medical Leave Act (FMLA), Americans with Disabilities Act (ADA), and Louisiana Employment Discrimination Law (LEDL). For reasons that follow, we AFFIRM.

---

    \* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-30417

**I.**

Calderone was a Program Director at TARC, an organization providing services to individuals with disabilities. On December 19, 2011, she was involved in an automobile accident. The initial diagnosis was a chip fracture to her ankle. Over the next nine days, Calderone took twenty hours of sick leave and eight hours of annual leave. She then returned to work.

On January 25, 2012, she was further diagnosed with a crack in her sternum. Her physician advised bed rest. With permission from TARC's CEO, Kathleen Abels, Calderone instead opted to work from home.

About a month later, Calderone proposed working twenty hours at the office and twenty hours at home. Abels agreed to this arrangement. Calderone submitted a doctor's note authorizing her to work the split schedule. The note specified "no heavy lifting, steep stair climbing, or uneven landscape, travel at patient's discretion," and further warned that "sternum fracture related symptoms may be present for [six] months or more."

A couple of weeks after this split schedule began, Abels presented a document to Calderone that designated her modified schedule as "temporary" and "in effect until March 31, 2012." Calderone did not sign the document. Instead, the next day Calderone submitted a written response to several aspects of the document, including it characterizing her as "disabled," the revocation of the modified work schedule, and the failure to inform her of FMLA rights. Calderone did not believe she was disabled and requested that she not be labeled as such, but Abels denied her request.

After securing a release from her doctor, Calderone resumed a full-time schedule on April 1. She did not request any leave during April or otherwise object to resuming her previous schedule.

Over seven months after her return to a full-time schedule, on November 12, Calderone submitted her resignation. In the resignation, she stated that

2

No. 15-30417

"[o]ver the last year and a half, it has come to my awareness and heartfelt decision that I cannot successfully continue to evaluate and direct my programs under the current CEO's supervision style and micro-managing." The letter made no mention of any issues related to her leave, the earlier injuries from the car accident, or the timing of her return to work from those injuries.

## II.

Calderone challenges the district court's order granting summary judgment to TARC. We review a grant of a summary judgment de novo. *Kipps v. Caillier*, 197 F.3d 765, 768 (5th Cir. 1999). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56.

## A.

Calderone first challenges the dismissal of her FMLA claim. She contends TARC failed to notify her that she was entitled to leave under the Act. In support of this position, Calderone cites 29 C.F.R. § 825.300(b)(1), which states that when an employee requests FMLA leave, or "when the employer acquires knowledge that an employee's leave may be for an FMLA–qualifying reason, the employer must notify the employee" of her FMLA eligibility. Section 825.300(e) specifies that failure to provide notice as required may constitute "interference with, restraint, or denial of the exercise of an employee's FMLA rights."

Assuming she had a right to individualized FMLA notice,[1] Calderone's FMLA claim fails because she cannot identify any harm resulting from the lack

---

[1] Calderone alleges that the twenty hours of sick leave and eight hours of annual leave she took between December 19 and December 28 triggered TARC's duty to inform her of her FMLA eligibility.

3

No. 15-30417

of notice. *See Ragsdale v. Wolverine World Wide, Inc.*, 535 U.S. 81, 89 (2002) (requiring a showing of prejudice to prevail on a FMLA interference claim). She acknowledged that she was aware of her FMLA rights, but did not want to take FMLA leave because no one could adequately fill in for her and she was satisfied as long as she was allowed to work from home, which she was.

**B.**

Calderone also contends the district court erred in rejecting her ADA claims. She does not, however, challenge the district court's rejection of her hostile work environment claim. Similarly, Calderone has forfeited her constructive discharge claim by failing to provide any legal or factual analysis related to it in her initial brief. *See Am. States Ins. Co. v. Bailey*, 133 F.3d 363, 372 (5th Cir. 1998). That leaves only her failure to accommodate claim under the ADA. Calderone contends TARC failed to accommodate her by not allowing her to continue the split schedule past March 2012.

Title I of the ADA prohibits an employer from discriminating against a qualified individual on the basis of a disability. 42 U.S.C. § 12112(a). Discrimination under the Act includes refusing to make reasonable accommodations to the known physical or mental limitations of a qualified individual. 42 U.S.C.A. § 12112(b)(5)(A). While the ADA provides a right to a reasonable accommodation, it does not provide a right to the employee's preferred accommodation. *E.E.O.C. v. Agro Distribution, LLC*, 555 F.3d 462, 471 (5th Cir. 2009) (*citing Hedrick v. Western Reserve Care System*, 355 F.3d 444, 457 (6th Cir. 2004)).

Calderone has not put forth any evidence that she was suffering from physical or mental limitations in April 2012 when she contends that TARC should have allowed her to continue to maintain a split schedule. Calderone has repeatedly denied being disabled and her doctor submitted a note stating that she was able to return to work. Moreover, considering Calderone was

accommodated after the split schedule ended, by being allowed to park near a door, there is no basis for concluding that TARC failed to engage in the interactive process. Finally, Calderone has not identified how any failure to accommodate damaged her in any way.  As noted above, she resigned more than seventh months after returning to work for reasons that by her own description have nothing to do with her broken bones or any failure to accommodate them.   We therefore affirm the district court's granting of summary judgment on the ADA claims.

## C.

This analysis also defeats Calderon's state law claims because disability discrimination claims brought under the Louisiana statute are analyzed under the same framework as the ADA.  *See Thomas v. La. Casino Cruises, Inc.*, 886 So.2d 468, 470 (La.Ct.App.2004).

The judgment of the district court is AFFIRMED.