**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

————————————

No. 98-60196

(Summary Calendar)

————————————

FRANCES ELAINE HOOD,

Plaintiff - Appellant,

versus

SEARS ROEBUCK AND COMPANY,

Defendant - Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi

March 4, 1999

Before EMILIO M. GARZA, DeMOSS, and BENAVIDES, Circuit Judges.

EMILIO M. GARZA, Circuit Judge.

Francis Elaine Hood appeals the grant of summary judgment to Sears Roebuck and Company. The district court held that Hood's untimely filing of a charge with the United States Equal Employment Opportunity Commission ("EEOC") defeated her sexual harassment claim. In doing so, it rejected the argument that equity required tolling the period during which Hood's mental incapacity rendered her unable to pursue her legal rights under Title VII. We affirm.

We review a grant of summary judgment *de novo.  See United States v. Johnson,* 160 F.3d 1061, 1063 (5th Cir. 1998).  Summary judgment occurs when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  FED. R. CIV. P. 56(c).  "After consulting applicable law in order to ascertain the material factual issues, we consider the evidence bearing on those issues, viewing the facts and the inferences to be drawn therefrom in the light most favorable to the non-mov[ing] [party]."  *Johnson,* 160 F.3d at 1063.

A Title VII claimant must file charges with the EEOC within 180 days after the alleged illegal conduct.  *See* 42 U.S.C. § 2000e-5(e)(1).  This time limit operates as a statute of limitations.  *See Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S. Ct. 1127, 1132, 71 L. Ed. 2d 234, ___ (1982).  As such, it is subject to equitable tolling.  *See id.*  The claimant bears the burden of justifying equitable tolling.  *See Blumberg v. HCA Management Co.,* 848 F.2d 642, 644 (5th Cir. 1988).

We have held equitable tolling to apply in the following situations: (1) during the pendency of an action before a state court that has jurisdiction over the subject matter of the suit, but that is the wrong forum under state law; (2) until the claimant knows or should know the facts giving rise to her Title VII claim; and (3) when the EEOC misleads the claimant about the nature of her rights under Title VII.  *See Chappell  v. Emco Mach. Works Co.,* 601 F.2d 1295, 1302 (5th Cir. 1979).  We have indicated that circumstances besides these might merit equitable tolling.  *See Blumberg,* 848 F.2d at 644-45.

Hood urges us to adopt "the traditional rule that mental illness tolls a statute of limitations

. . . if the illness . . . prevents the sufferer from managing his affairs and thus from understanding his legal rights and acting upon them." *Miller v. Runyon,* 77 F.3d 189, 191 (7th Cir. 1996) (emphasis deleted); *accord Speiser v. U.S. Dep't of Health and Human Servs.,* 670 F. Supp. 380, 384 (D.D.C. 1986), *aff'd,* 818 F.2d 95 (D.C. Cir. 1987). Some district courts have resorted to this rule to decide whether or not a Title VII claimant's poor mental state supports tolling the 180-day period for filing an EEOC charge.[1] *See, e.g., Pulitzer v. Middleberg,* Civ. A. No. 95-4004, 1996 WL 469689, at *5 (E.D. La. Aug. 16, 1996) (adopting magistrate judge's report and recommendation) (denying equitable tolling because t he plaintiff failed to provide evidence showing "that she was mentally incapacitated to the point of being unable for 354 days to take the few steps necessary to file an EEOC charge"); *Moody v. Bayliner Corp.,* 664 F. Supp. 232, 235 (E.D.N.C. 1987) ("the period for filing a charge with the EEOC in Title VII cases may be tolled, in the discretion of the court, for that period of time which mental incapacity rendered the plaintiff incapable of pursuing any remedy"). They have embraced it because "[s]uch a rule is clearly consistent with the remedial purposes of Title VII" and "mental incompetence may in the proper circumstances be an even more compelling reason for tolling the period than [equitable] estoppel or equitable tolling based on the plaintiff's ignorance."[2] *Moody,* 664 F. Supp. at 235.

We hold that, assuming the correctness of the approach Hood advocates, equitable tolling is

---

[1]     Another district court has adopted a narrower rule, limiting equitable tolling to when the claimant has been institutionalized or adjudicated mentally incompetent. *See Bassett v. Sterling Drug, Inc.,* 578 F. Supp. 1244, 1248 (S.D. Ohio 1984).

[2]     Equity operates to estop the affirmative defense of failure to file a timely EEOC charge when the  tardiness was caused by the defendant concealing facts or misleading the claimant. *See Rhodes v. Guiberson Oil Tools Co.,* 927 F.2d 876, 878-79 (5th Cir. 1991) (explaining the difference between equitable estoppel and equitable tolling).

inapplicable in this case.[3]  *See  Kerver v. Exxon Prod. Research Co.,* Civ. A. No. H-85-1525, 1986 WL 8872, at *2-3 (S.D. Tex. May 15, 1986) (finding claim for equitable tolling unavailing even under a rule allowing for equitable tolling based on mental incapacity), *aff'd,* 810 F.2d 196 (5th Cir. 1987). The summary judgment evidence, viewed in the light most favorable to Hood, discloses that the event triggering the period for filing an EEOC charge occurred no later than May 11, 1996.[4]  Hood retained counsel before the following 180 days passed.[5]   This fact indicates that her mental state did not prevent her from pursuing her legal rights under Title VII during the filing period.  Hood offers no reason for arriving at a contrary conclusion.  She, therefore, cannot justify equitable tolling and her Title VII claim must be dismissed for failure to file a timely EEOC charge.  *See Moody,* 664 F. Supp. at 236 (refusing to apply equitable tolling, in part, because "plaintiff had retained counsel before the expiration of the EEOC filing period"); *see also Lopez v. Citibank, N.A.,* 808 F.2d 905, 907 (1st Cir. 1987) ("assuming for the sake of argument that mental illness might sometimes toll the statute of

---

[3]  As in *Kerver v. Exxon Production Research Company,* Civ. A. No. H-85-1525, 1986 WL 8872 (S.D. Tex. May 15, 1986), *aff'd,* 810 F.2d 196 (5th Cir. 1987), our decision makes unnecessary consideration of how our holding in *Quina v. Owens-Corning Fiberglas Corporation,* 575 F.2d 1115, 1117-19 (5th Cir. 1978), that a barebones allegation of "emotional and mental shock" was insufficient to support equitable tolling jibes with the view that equity may necessitate tolling when the claimant is mentally incapacitated during the 180-day filing period.  *See id.* at *3 (finding no need to determine if *Bassett* was consistent with *Quina*).  (Although *Quina* involved a claim under the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. §§ 621-34, it is relevant as to Title VII.  *See Coke v. General Adjustment Bur., Inc.,* 640 F.2d 584, 587, 594-95 (5th Cir. 1981) (en banc) (finding Title VII and ADEA cases interchangeable on the issue of timely filing of an administrative charge).)

[4]  Hood says that ostracism and criticism suffered at the hands of co-workers unhappy about the firing of the supervisor she had accused of sexual harassment served as the event triggering the 180-day period.  As that mistreatment ended in June, 1996, Hood posits that the clock started then.  Regardless of the legal viability of Hood's argument, we find it unavailing.  Hood's evidence is insufficient to show that her co-workers ostracized and criticized her as late as June, 1996.

[5]  Hood hired her attorney on July 25, 1996.

limitations, we find that it cannot do so where a plaintiff has presented no strong reason for why, despite the assistance of counsel, he was unable to bring suit"); *Cox v. Sears, Roebuck & Co.,* No. 91-259-CIV-T-17, 1994 WL 143019, at \*3 (M.D. Fla. Mar. 31, 1994) (finding the facts insufficient to justify equitable tolling for mental incapacity because counsel represented the claimant during the filing period and the claimant did not give a reasonable explanation for why counsel could not have handled the filing of the EEOC charge), *aff'd,* 69 F.3d 550 (11th Cir. 1995). That is what the district court held. Accordingly, we affirm.