# UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

_____

No. 99-30137
Summary Calendar
_____

LINDA J REEVES,

Plaintiff-Appellant,

versus

WILLIAM M. DALEY, Secretary
of the Department of Commerce,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(97-CV-1126)

September 22, 1999

Before JOLLY, EMILIO M. GARZA, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-Appellant, Linda J. Reeves, appeals the district court's summary judgment in

favor of Defendant-Appellee, William M. Daley. She contends that the district court erred in

finding that she was not entitled to a court-appointed attorney. She also contends that the district

court erred in finding her Title VII claim time-barred. According to Reeves the district court

should have equitable tolled Title VII's statute of limitations.

We have reviewed the parties' briefs and the record in this case and find no reversible

error. The district court has broad discretion when deciding whether to appoint legal counsel.

*See Gonsalez v. Carlin*, 907 F.2d 573, 579 (5ᵗʰ Cir. 1990). The district court did not abuse its

discretion. Additionally, the district court did not err in finding Reeves's Title VII claim time-

---

[*] Pursuant to 5ᵀᴴ CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

barred.  Reeves waited fifteen years before filing her EEO complaint.  Although Reeves contends that she was physically and mentally incapable of filing her EEO complaint, the record shows that "her mental state did not prevent her from pursuing her legal rights under Title VII during the filing period."  *Hood v. Sears Roebuck and Company*, 168 F.3d 231, 233 (5th Cir. 1999).  Thus, equitable tolling is not justified.  *See id*.

For essentially the same reasons articulated by the district court, we AFFIRM.