**UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

No. 99-50491

DARRYL S. STORBECK,

Plaintiff-Appellant,

VERSUS

SAKS FIFTH AVENUE, JOHN DOE CORPS, 1-5

Defendants-Appellees.

Appeal from the United States District Court
For the Western District of Texas, San Antonio
(SA-99-CV-70-HG)

June 20, 2000

Before GARWOOD, DeMOSS and PARKER, Circuit Judges.

PER CURIAM:[*]

Darryl S. Storbeck appeals the dismissal of the sexual harassment claim he brought against his former employer Saks Fifth Avenue ("Saks"). We affirm.

**FACTS AND PROCEDURAL HISTORY**

Storbeck was discharged from employment with Saks in May 1996. On October 7, 1998, over two years after his termination, Storbeck

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

1

filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"). Storbeck filed his *pro se* complaint in this suit on January 25, 1999, alleging that he had been unlawfully harassed because of his gender between February 1996 and July 1996 in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e (1994).

Saks moved to dismiss because Storbeck failed to exhaust administrative remedies within the required time frame. In response, Storbeck sought equitable tolling of the period for filing with the EEOC alleging that he had been incapacitated due to mental illness from July 1996 until October 6, 1998. He attached medical records to his response documenting the treatment he had received for his mental illness during this time. The district court found that the evidence submitted, while indicating that Storbeck suffered from mental illness, did not rise to the level of establishing that he had a mental disability that incapacitated him from filing a timely Charge of Discrimination with the EEOC.

## DISCUSSION

The only issue on appeal is whether Storbeck was entitled to equitable tolling of the time period for filing his EEOC complaint. Initially, we note that in states such as Texas, that have an administrative agency with the authority to address complaints of employment discrimination, the 180-day period is extended to 300 days. *See Huckabay v. Moore*, 142 F.3d 233, 238 (5th Cir. 1998).

2

This time limit operates as a statute of limitations. *See Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). As such, it is subject to equitable tolling. *See id.* The claimant bears the burden of justifying equitable tolling. *See Hood v. Sears Roebuck and Co.*, 168 F.3d 231, 232 (5th Cir. 1999).

The Fifth Circuit has never expressly recognized mental illness as a basis for equitable tolling of the time limits for filing EEOC complaints. *See id.* at 233 & n.3. While such a rule is clearly consistent with the remedial purposes of Title VII, and some district courts have employed it, *see Moody v. Bayliner Marine Corp.*, 664 F. Supp. 232, 235 (E.D.N.C. 1987), thus far, no clear consensus has been reached on the appropriate breadth of relief. *Compare Bassett v. Sterling Drug, Inc.*, 578 F. Supp. 1244, 1248 (S.D. Ohio 1984)(limiting equitable tolling to cases where the claimant has been institutionalized or adjudicated incompetent) *with Pulitzer v. Middleberg*, 1996 WL 469689, at *5 (E.D. La. 1996)(for equitable tolling, plaintiff must show that she was mentally incapacitated to the point of being unable to take the few steps necessary to file an EEOC charge.) The district court, noting the unsettled state of the law on this point, found that the evidence did not support a finding that Storbeck suffered from mental illness that would justify equitable tolling of the limitations period within even the most generous paradigm.

On appeal, Storbeck argues that he was hospitalized several

times for treatment of major depressive episodes, paranoid schizophrenia, schizophrenic disorder and psychotic episodes which conditions rendered him incapable of pursuing this matter with the EEOC between July 1996 and October 1998. Storbeck relies on evidence that he was hospitalized in 1996 for psychiatric disorders for ten days in September, eleven days in October and four days in December. His December 1996 discharge papers indicate that he was released to return to work. In fact, Storbeck did work at a series of jobs for approximately 21 months between his last hospitalization and the date he filed his complaint. The district court inferred from Storbeck's spotty employment history that he had ongoing difficulties during this time. However, the district court concluded that the evidence does not support a finding that he suffered from a mental disability that would justify equitable tolling. We agree. Assuming that incapacitating mental illness allows equitable tolling of the 300-day period within which complainants are required to file EEOC complaints, the evidence does not show that Storbeck suffered from such illness after his December 1996 release from the hospital.

## CONCLUSION

Based on the foregoing, we affirm the dismissal of Storbeck's case.

AFFIRMED.

4