DeMOSS, Circuit Judge,
concurring in part, dissenting in part:
Because LeMaire was unable to establish a prima facie case of sexual harassment, and because LaDOTD articulated legitimate non-retaliatory reasons to justify its actions, I would affirm the district court’s order granting summary judgment in its entirety. Consequently, I concur where the majority has affirmed summary judgment on two of LeMaire’s retaliation claims, and respectfully dissent with regard to the rest.
As the majority states, we review orders granting summary judgment de novo, applying the same standards as the district court. MacLachlan v. ExxonMobil Corp., 350 F.3d 472, 478 (5th Cir.2003). “We may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court.” Holtzclaw v. DSC Commc’ns Corp., 255 F.3d 254, 258 (5th Cir.2001). Summary judgment is appropriate if “the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.” Fed.R.Civ.P. 56(c).
To determine if LaDOTD is entitled to judgment “as a matter of law,” id., we must first look to the law applicable to the claims asserted. Hood v. Sears Roebuck and Co., 168 F.3d 231, 232 (5th Cir.1999); see also Meinecke v. H & R Block of Houston, 66 F.3d 77, 81 (5th Cir.1995) (“First, we consult the applicable law to ascertain the material factual issues.”). We do not consider the pleadings and affidavit testimony in a vacuum. Consequently, to determine if LaDOTD is entitled to summary judgment we must first consult the applicable law to determine the factual issues that will be material. See Hood, 168 F.3d at 232. LeMaire complains of sexual harassment and retaliation under Title VII. Therefore, we must evaluate his claims in light of the applicable legal standards set forth for Title VII claims.
*393 The legal standard for a Title VII same-sex sexual harassment claim is set forth in Oncale v. Sundowner Offshore Servs., Inc., 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). The standard for a Title VII retaliation claim is set forth in McDonnell Douglas v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973), and its progeny, Montemayor v. City of San Antonio, 276 F.3d 687, 692 (5th Cir.2001). I recognize that LeMaire has not adequately argued the applicability of these cases below or before this Court. However, his failure to recognize the applicable law does not absolve him from meeting the evidentiary burden it places upon him.[1]

A. Sexual Harassment

LeMaire may establish a Title VII violation by proving that he was subjected to harassment that created a hostile or abusive working environment. Woods v. Delta Beverage Group, Inc., 274 F.3d 295, 298 (5th Cir.2001). To prove that he was subjected to a hostile work environment LeMaire must establish the following five elements:
(1) [LeMaire] belonged to a protected class; (2) [LeMaire] was subjected] to unwelcome sexual harassment; (3) the harassment was based on sex; (4) the harassment affected a “term, condition, or privilege” of employment; and (5) the employer knew or should have known of the harassment and failed to take prompt remedial action.[2]
Id. at 298.
Also, because LeMaire alleges harassment by a member of the same sex, he has the additional burden to “prove that the conduct at issue was not merely tinged with offensive sexual connotations, but actually constituted discrimination because of sex.” Oncale, 523 U.S. at 81, 118 S.Ct. 998 (internal quotation marks and ellipses omitted). LeMaire can make that showing if he can (1) demonstrate Endres made “explicit or implicit proposals of sexual activity” and provide “credible evidence that the harasser was homosexual”; (2) demonstrate that Endres was “motivated by general hostility to the presence of members of the same sex in the workplace”; or (3) “offer direct, comparative evidence about how the alleged harasser treated members of both sexes in a mixed-sex workplace.” La Day v. Catalyst Tech., Inc., 302 F.3d 474, 478 (5th Cir.2002) (internal quotation marks omitted).
LeMaire alleges that Endres sexually harassed him by subjecting him to “continuous, unwelcome, open, obvious, and pervasive incidents of sexual harassment.” The only evidence LeMaire presented concerning harassment was contained in affidavits from himself and Mitzi Doiron.
In his self-serving affidavit LeMaire only references the alleged sexual harass *394 ment in paragraphs two and eleven. These paragraphs contain vague concluso-ry allegations that Endres made inappropriate sexual comments in LeMaire’s presence. The affidavit does not state how often the alleged harassment occurred or give details about any particular encounter. Doiron’s affidavit, on the other hand, details one admittedly inappropriate conversation she witnessed between Endres and LeMaire; it also states that LeMaire claimed there were other such conversations.
This evidence does not establish a prima facie case because, among other things, it fails to show the alleged harassment was based on sex. See Woods 274 F.3d at 298. That element requires LeMaire to show he was exposed to harassment that “members of the opposite sex were not.” See Green v. Adm’rs of Tulane Educ. Fund, 284 F.3d 642, 657 (5th Cir.2002) (approving the district court’s statement of that rule). LeMaire has not presented any evidence that Endres made sexual comments to him because of his gender, or evidence that En-dres did not make the same comments to women. The most detailed evidence of the alleged harassment — Doiron’s affidavit— details an inappropriate conversation that Endres had with both LeMaire and Ms. Doiron. This evidence indicates that En-dres discussed his sexual encounters in the presence of both genders, and supports the conclusion that he did not single out Le-Maire because of his sex.
Additionally, LeMaire has not shown that the alleged harassment affected a term, condition, or privilege of his employment. See Woods, 274 F.3d at 298. “Conduct sufficient to create a hostile working environment must be severe or pervasive.” Septimus v. Univ. of Houston, 399 F.3d 601, 611 (5th Cir.2005). This Court also considers “the degree to which the conduct is physically threatening or humiliating.” Id. The conversation alleged by LeMaire was clearly inappropriate, but he does not allege that Endres made any physical threats. Further, LeMaire’s conclusory allegations do not specify how often the alleged harassment occurred.
“A recurring point in [our] opinions is that ‘simple teasing,’ offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the ‘terms and conditions of employment.’ ” Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 141 L.Ed.2d 662 (1998) (citations omitted). The offhand comments made during the isolated incidents alleged by LeMaire simply do not rise to the level of actionable sexual harassment. See id. (noting that “sporadic use of abusive language, gender-related jokes, and occasional teasing” are not actionable); see also Shepherd, 168 F.3d at 872, 874 (holding that offensive comments accompanied by touching that occurred over a period exceeding one year did not affect a term, condition, or privilege of employment); cf. Harvill v. Westward Commc’ns, L.L.C., 433 F.3d 428, 435-36 (5th Cir.2005) (finding an actionable hostile work environment where the alleged harrasser kissed the plaintiff, touched her breasts and patted her buttocks “numerous times” and made inappropriate comments).
It is clear, as the majority points out, that some factual disputes exist. For example, LaDOTD argues that the alleged offensive conduct never occurred.. But only disputes that can affect the outcome under the applicable law will preclude summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The disputed facts in this case do not affect the outcome. Even assuming that the offensive conduct occurred, that conduct does not rise to the level of actionable sexual harassment un *395 der the legal standards discussed above. As a result, the dispute about whether the conduct occurred is not a dispute about a material fact. See id. Because no genuine issues of fact exist, and because Le-Maire failed to establish a prima facie case of sexual harassment as required, I would affirm.

B. Retaliation

The majority identifies four different allegations of retaliation asserted by Le-Maire. I agree with the majority that summary judgment is appropriate regarding LeMaire’s retaliation claims involving Endres’ order for LeMaire to spray weeds and LeMaire’s ultimate termination. LaDOTD claims LeMaire was terminated for a number of reasons including his sleeping while on duty, refusing to perform job duties such as spraying weeds and mowing grass, and arriving late for work. I believe, as the majority cogently explained, that LeMaire has failed to show those reasons to be pretext. See, e.g., Sandstad v. CB Richard Ellis, Inc., 309 F.3d 893, 899 (5th Cir.2002).
Unlike the majority, however, I would also hold that summary judgment is appropriate with regard to LeMaire’s remaining claims. Even if we assume that LeMaire has established a prima facie case on his other claims of retaliation, and I seriously doubt that he has, LaDOTD has responded by submitting affidavits establishing legitimate non-retaliatory reasons for its actions. LeMaire has not shown those reasons to be pretext, so I would affirm.
Regarding LeMaire’s claim that he was suspended in retaliation for reporting the alleged misconduct to a supervisor, La-DOTD responds that it was justified in suspending LeMaire because he failed to perform required job duties. “The failure of a subordinate to follow a direct order of a supervisor is a legitimate nondiscriminatory reason for taking adverse employment action.” Aldrup v. Caldera, 274 F.3d 282, 286 (5th Cir.2001). Under the applicable framework, the burden then shifts to LeMaire and he can avoid summary judgment if he can demonstrate a genuine issue of material fact “that the stated reason is actually a pretext for retaliation.” Baker v. Am. Airlines, Inc., 430 F.3d 750, 754 (5th Cir.2005).
In order to show pretext, LeMaire must present evidence that he would not have been suspended “but for” the fact he filed the complaint. See Septimus, 399 F.3d at 608. He has failed to present such evidence, and therefore summary judgment is appropriate. See Fed.R.Civ.P. 56(e) (“[A]n adverse party may not rest upon the mere allegations or denials of [his] pleading, but [his] response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.”).
The majority is concerned with legal and factual issues that, in its view, preclude summary judgment. Regarding the majority’s concern whether an employee may refuse to perform' job duties in order to engage in protected activity, I find that an interesting theoretical issue, but irrelevant to determining if LeMaire has met his burden to offer specific facts indicating that “but for” his complaint, he would have been suspended. See Septimus, 399 F.3d at 608. Likewise, the majority’s other concerns do not directly relate to LeMaire’s burden to create a genuine issue of material fact regarding pretext. I agree that it would be nice to know, for example, if Endres was involved in the decision to suspend LeMaire. Such evidence would be significant in finding pretext. However, it was LeMaire’s burden to produce such evidence and he has utterly failed to do so.
*396 Regarding LeMaire’s vague assertions of “other” acts of retaliation, even if Le-Maire has asserted a prima facie case of retaliation,[3] he has not shown LaDOTD’s legitimate non-discriminatory reasons for its actions to be pretext. The poor work performance cited by LaDOTD is a legitimate non-discriminatory reason for discharge. Perez v. Region 20 Educ. Serv. Ctr., 307 F.3d 318, 326 (5th Cir.2002) (emphasis added). It would clearly also be a legitimate reason for the lesser penalty of assigning LeMaire to particular less-desirable job tasks. Further, LeMaire has failed to create a genuine issue of material fact regarding pretext.
The majority concludes that LaDOTD cannot be entitled to summary judgment because it did not reference these “other” alleged acts of retaliation in its motion for summary judgment. On the contrary, La-DOTD’s motion for summary judgment references the “other” acts alleged in Le-Maire’s complaint and cited by the majority. Motion at 2. (“... plaintiff alleges he was assigned unpleasant duties outside of his described job description ... in retaliation for rejection of defendant’s advances.”). Further, LaDOTD requests in its motion for summary judgment that Le-Maire’s retaliation claims be dismissed because he cannot meet his evidentiary burden. LaDOTD has clearly requested summary judgment on. this ground, and because LeMaire cannot meet his burden to show LaDOTD’s reasons are pretext, I would grant it.
LeMaire did not establish that he was subject to discrimination based on his sex, or that Endres’ behavior affected a term or condition of his employment. He also failed to rebut with any evidence La-DOTD’s legitimate non-discriminatory reasons for discharging him.
This Court has clearly established that a defendant’s motion for summary judgment under Rule 56 is an appropriate vehicle for the district courts to use in weeding out of the litigation process those eases where the plaintiff is not fully prepared to carry his burden of establishing facts and evidence sufficient to take his claim to a jury for resolution. In my view, the district judge did precisely what he was supposed to do by granting Defendant’s motion for summary judgment. And with due respect for my colleagues who see it differently, I respectfully dissent from the majority’s reversal of the district court’s judgment.

. The majority does not discuss whether En-dres' comments are actionable because "[t]hose issues were never raised in the briefing before the district court.” Majority Op. at 388 n. 3. However, LeMaire did raise Title VII sexual harassment and retaliation claims in his complaint, and LaDOTD moved for summary judgment because LeMaire could not meet the applicable evidentiary burden. ''We may affirm a grant of summary judgment on any ground raised to the district court and upon which both parties had the opportunity to present evidence.” Shepherd v. Comptroller of Pub. Accounts, 168 F.3d 871, 873 n. 1 (5th Cir.1999). Because Title VII was the ground for relief raised in the district court, and one ground raised in the summary judgment motion was LeMaire’s failure to meet Title VII's evidentiary burden, we can affirm. Further, both parties have had ample opportunity to present evidence and arguments on the applicable law.

. This Court has held that the fifth element is not required when the alleged harasser is a supervisor. Watts v. Kroger Co., 170 F.3d 505, 509 (5th Cir.1999).

. Under the majority’s own reasoning Le-Maire has failed to assert a prima facie case here. In its discussion of the order to spray herbicide, the majority found that LeMaire failed to provide authority for the proposition that merely rejecting sexual advances constitutes a protected activity. Majority Op. at 389. Because the order to spray herbicide occurred before LeMaire complained to Jones (a protected activity) the majority found that LeMaire failed to establish a prima facie case. See id.
Likewise, the "other” allegations of retaliation cited by the majority also appear to be based on acts that occurred prior to LeMaire complaining to Jones. See Compl. at ¶ 7(3) (alleging assignment to unpleasant job duties after rejecting the advances, but not alleging those assignments after complaining to Jones); LeMaire Aff. at ¶ 3 (same); see also Doiron Aff. at 5 (recounting that Endres gave LeMaire "hard and dirty jobs” because he was not interested in gay sex; but not claiming the retaliation was after complaining to Jones).' None of these acts are alleged to have occurred after LeMaire complained to Jones. Following the majority’s sound reasoning from its discussion of the order to spray herbicide, LeMaire had not engaged in a protected activity at the time these events occurred. Thus, I would find that LeMaire has not established a prima facie case regarding these "other” acts of retaliation.