# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 12, 2007

Charles R. Fulbruge III
Clerk

No. 07-60325
Summary Calendar

MICHAEL TILLMAN

Plaintiff-Appellant

V.

SOUTHERN WOOD PRESERVING OF HATTIESBURG, INC.

Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Mississippi
2:06-CV-33

Before WIENER, GARZA, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Michael Tillman ("Tillman") appeals the district court's grant of summary judgment in favor of Southern Wood Preserving of Hattiesburg, Inc. ("Southern"). Tillman alleges that Southern, his former employer, discriminated against him based on his race in violation of Title VII. We affirm the district court's grant of summary judgment.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I

Southern hired Tillman, a black male, in 1989 or 1990, but he left soon thereafter for another job. Tillman regained employment with the defendant in 1997 as a "laborer," specifically a pole framer.[1] During Tillman's tenure as a laborer, Southern also employed two people whose primary responsibilities were to operate one of two "cat loaders," which are used to load logs on to and off of trucks at Southern's plant. Southern termed these employees "loaders." At various times during Tillman's employment there were vacancies in the loader positions and Tillman was called upon to fill in by taking on partial responsibility for operating the vacant loader. Tillman filled in as a loader on a number of separate occasions for varied lengths of time over the course of six to seven years. During these periods, Tillman continued to perform pole framing and laborer duties when not filling in as a loader.

In November 2004, Southern hired Bobby Cooley ("Cooley"), a white male, to permanently fill a vacant loader position which Tillman had been temporarily filling. Tillman was then asked to return to his laborer and pole framing responsibilities full time. Southern's failure to give Tillman the job was viewed by Tillman as discriminatory, and because Cooley was hired in at $9.00 per hour versus Tillman's $8.00, he also claimed discrimination in his wage.[2]

Based on these grievances, Tillman filed a charge of racial discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a determination that there was reasonable cause to believe

---

[1] At Southern, a pole framer prepares utility poles for delivery to various utility companies. This involves drilling holes in the poles, placing identification tags on the poles, and sawing a flat spot on the poles so that electrical equipment can more easily be attached.

[2] While the appellant's brief on appeal is unclear on the matter, sometimes referring to Tillman as being demoted, we treat Tillman's first alleged adverse employment action as a failure to promote. We do so because Tillman provided no evidence that he ever held any permanent position other than that of laborer and pole framer.

that Tillman had been discriminated against, and issued a right to sue letter. Tillman then brought this action against Southern alleging violations of Title VII.

## II

We review a district court's grant of summary judgment de novo using the same standard as the district court. Chacko v. Sabre Inc., 473 F.3d 604, 609 (5th Cir. 2006). If the moving party presents a properly supported motion for summary judgment, in order to avoid summary judgment, the nonmoving party must "go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden." Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (internal quotations omitted).

## III

In this case, Tillman offers no direct evidence of discrimination. We evaluate claims of racial discrimination based only on circumstantial evidence under the familiar burden-shifting analysis of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-05 (1973). Under this framework, plaintiffs begin by establishing a prima facie case of discrimination. Pratt v. City of Houston, 247 F.3d 601, 606 (5th Cir. 2001). Once the plaintiff meets that burden, the defendant bears a burden to produce a legitimate, nondiscriminatory explanation for the adverse employment action. Texas Dep't of Cmty. Affairs v. Burdine, 450 U.S. 248, 254 (1981). Finally, the plaintiff has an opportunity to prove by a preponderance of the evidence that the explanation offered by the defendant is false. Id. at 256. A prima facie case, combined with, "sufficient evidence to find that the employer's asserted justification is false, may permit the trier of fact to conclude that the employer unlawfully discriminated." Reeves v. Sanderson Plumbing Products, Inc., 530 U.S. 133, 148 (2000). The district

court assumed that Tillman had met the prima facie case requirements, but granted summary judgment based on Southern's legitimate, nondiscriminatory explanation for the employment decisions.

Tillman alleges two actions by Southern that he claims amount to discrimination under Title VII, a failure to promote him to the loader position and discriminatory pay, both based on Tillman's race.

To establish his prima facie case of a failure to promote, Tillman must show that he was a member of a protected group, was qualified for his position, and suffered an adverse employment action. Mason v. United Air Lines, Inc., 274 F.3d 314, 318 (5th Cir. 2001). Tillman has done so. He is as a black male, part of a protected group and the position he sought was filled by Cooley, a white male. Further, Tillman's experience with Southern generally, and specifically his experience filling in as operator of the cat loader, arguably qualified him for the permanent position. Finally, a failure to promote Tillman constitutes an adverse employment action. Alvarado v. Texas Rangers, 492 F.3d 605, 612 (5th Cir. 2007) ("It is equally well established, however, that the denial of a promotion is an actionable adverse employment action.").

However, Southern has proffered a legitimate, nondiscriminatory explanation for hiring Cooley over Tillman. Southern contends that differences in the two men's level of experience justified Southern's decision to hire Cooley. Wallace, 80 F.3d at 1048 (recognizing a difference in experience as a legitimate, nondiscriminatory justification and affirming summary judgment in favor of employer).

At this third stage in the burden shifting, Tillman has two methods available to rebut Southern's proffered reason for failing to promote him, which would again create an issue of fact as to discrimination: (1) Tillman could show that Southern's proffered explanation is false or unworthy of credence; or (2) Tillman could try to prove that he is clearly better qualified than the person

4

selected for the position. Burrell v. Dr. Pepper/Seven Up Bottling Group, Inc., 482 F.3d 408, 412 (5th Cir. 2007) (internal quotations and citations omitted). Based on the summary judgment evidence, there is no issue of material fact remaining as to Southern's nondiscriminatory justification. Tillman has failed to provide any evidence as to either method of rebuttal.

The record shows that Cooley had significantly more experience than Tillman in operating a cat loader. Cooley had greater than twenty years experience operating a cat loader while Tillman only had six-to-seven years of part-time experience at Southern. Southern determined that this greater experience would result in Cooley's damaging the logs less than Tillman was known to do. Finally, Southern decided that Cooley's broader experience in maintenance and welding would enable him to undertake more varied tasks along with his loading responsibilities. Other than his own conclusory statements, Tillman offers no proof that Southern failed to promote him based on his race. Conclusory statements are insufficient to create a genuine issue of material fact as to Southern's proffered nondiscriminatory reason. Therefore, we affirm the district court's grant of summary judgment as to Tillman's failure to promote claim.

Tillman also alleges discriminatory compensation. To establish a prima facie case of discriminatory pay a plaintiff must prove, "(1) that she is a member of a protected class, and (2) that she is paid less than a nonmember for work requiring substantially the same responsibility." Uviedo v. Steves Sash & Door Co., 738 F.2d 1425, 1431 (5th Cir. 1984). Tillman has shown that he is a member of a protected class based on his race. And while Tillman was paid less than Cooley, he provides insufficient evidence to create a material issue of fact as to whether he and Cooley undertook substantially the same responsibilities. "By properly showing a significant difference in job responsibilities, a defendant can negate one of the crucial elements in [a] plaintiff's prima facie case." Pittman,

644 F.2d at 1074. The summary judgment record shows that Tillman was hired primarily as a laborer and pole framer. While working as a laborer, he filled in intermittently over the course of six to seven years when Southern experienced a gap in employment at one of its permanent loader positions. These interim duties involved a shared responsibility for running the loader, though Tillman sometimes did a majority of the fill-in work operating one of the loaders. Tillman was paid $8.00 per hour primarily for his work as a pole framer and he merely filled in as a loader. Even during his interim work as a loader, Tillman still spent a portion of his time carrying out his responsibilities as a pole framer. Cooley, on the other hand, worked primarily as a loader. Cooley also had responsibilities for general maintenance and welding around the plant, as well as running a trim saw mill. Tillman offers no evidence to rebut these differences in responsibility made clear from the summary judgment record. As such, he has not made out his prima facie case for wage discrimination, and the district court's grant of summary judgment was proper.

## IV

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment.