# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

May 4, 2010

No. 09-60716
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL TILLMAN,

Plaintiff-Appellant,

v.

SOUTHERN WOOD PRESERVING OF HATTIESURG, INC.,

Defendant-Appellee.

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 2:07-CV-170

Before JOLLY, WIENER, and ELROD, Circuit Judges.

PER CURIAM:[*]

Micheal Tillman sued his former employer, Southern Wood Preserving of Hattiesburg, Inc., for violating Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e). He alleged that Southern Wood discriminated against him on the basis of his race and that Southern Wood retaliated against him for filing a complaint with the Equal Employment Opportunity Commission. On Southern Wood's motion for summary judgment, the district court (1) dismissed the claims that were based on conduct prior to September 17, 2005 as time-barred and (2)

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 09-60716

dismissed Tillman's constructive-discharge claim, finding that there is no genuine issue of material fact and that Southern Wood is entitled to judgment as a matter of law. The district court denied summary judgment on all of Tillman's remaining claims. We AFFIRM.

## I. FACTS AND PROCEEDINGS

Beginning in 1997, Tillman worked for Southern Wood as a pole framer and general laborer. On April 12, 2005, Southern Wood employees held a disciplinary meeting to discuss Tillman's failure to report to work or to call in after leaving work early during the previous afternoon. Tillman's supervisor reprimanded him at that meeting for his conduct. Despite the reprimand, on or shortly after July 31, 2006, Tillman again left work early and did not inform the plant supervisor that he would never return. Tillman officially resigned on August 4, 2006.

Tillman filed his first complaint with the EEOC in March 2005 and filed a Title VII action on January 20, 2006. The district court granted summary judgment in favor of Southern Wood on all of these claims and entered a final order of dismissal. This court affirmed that judgment on October 12, 2007. *See Tillman v. Southern Wood Pres. of Hattiesburg, Inc.*, 250 F. App'x 622 (5th Cir. 2007).

On March 16, 2006, before the district court's first grant of summary judgment, Tillman filed a second complaint with the EEOC, again alleging race discrimination and retaliation. Tillman alleged (1) that he did not receive a pay raise when all of the other employees received pay raises, (2) that Southern Wood denied him the opportunity to work overtime on the weekends, and (3) that Southern Wood retaliated against him for filing a complaint with the EEOC. Tillman filed his second Title VII action on August 20, 2007.

Southern Wood moved for summary judgment, and the district court granted partial summary judgment, dismissing Tillman's constructive-discharge

2

No. 09-60716

claim and all claims based on events occurring before September 17, 2005. Tillman timely appealed. This court dismissed for lack of jurisdiction because the district court had not expressly determined, as required by Federal Rule of Civil Procedure 54(b), that there "is no just reason for delay." *Tillman v. Southern Wood Pres. of Hattiesburg Inc.*, 330 F. App'x 491, 492 (5th Cir. 2009).[1] On remand, the district court entered final judgment on Tillman's constructive-discharge claim and all claims based on events occurring before September 17, 2005, expressly finding "no reason to delay the entry of said final judgment." The district court further found "that it would be in the interest of judicial economy to allow the appeal to go forward . . . prior to trying the remaining claims, and that the complaint as to Tillman's other claims against Southern Wood has been stayed pending resolution of the appeal." Tillman timely appealed.

## II. DISCUSSION

Our review of the district court's grant of summary judgment is *de novo*. *Keelan v. Majesco Software, Inc.*, 407 F.3d 332, 338 (5th Cir. 2005). Summary judgment is proper when the "pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "The party moving for summary judgment must 'demonstrate the absence of a genuine issue of material fact,' but need not *negate* the elements of the nonmovant's case." *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (*en banc*) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). The court must draw all justifiable inferences in favor of the nonmovant.

---

[1] Rule 54(b) provides, "When an action presents more than one claim for relief–whether as a claim, counterclaim, crossclaim, or third-party claim–or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. . . ."

No. 09-60716

*Bodenheimer v. PPG Indus., Inc.*, 5 F.3d 955, 956 (5th Cir. 1993).

We first address the dismissal of all claims based on events prior to September 17, 2005. The events at issue are (1) the April 12, 2005 reprimand, (2) Tillman's alleged exclusion from the June 2005 across-the-board pay raises, and (3) the denial of Saturday overtime work prior to September 17, 2005. Title VII claims are subject to a 180-day statute of limitations:

> (e) Time for filing charges; time for service of notice of charge on respondent; filing of charge by Commission with State or local agency.

> (1) A charge under this section shall be filed within one hundred and eighty days after the alleged unlawful employment practice occurred . . . .

42 U.S.C. § 2000e-5(e). Here, Title VII bars all claims that are based on discrete acts that occurred before September 17, 2005, 180 days before Tillman filed his complaint with the EEOC. *See Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 114, (2002); *Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 232 (5th Cir. 1999). The Supreme Court has defined "discrete acts" as easily identifiable incidents, including termination, failure to promote, denial of transfer, and refusal to hire. *Morgan*, 536 U.S. at 114; *see also Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 328 (5th Cir. 2009). Under this standard, the April 12, 2005 reprimand, the alleged June 2005 pay-raise exclusion, and the denials of weekend overtime qualify as such discrete acts. *See Miller v. N.H. Dep't of Corr.*, 296 F.3d 18, 21–22 (1st Cir. 2002) (holding that a letter of warning and a performance evaluation were discrete acts). Because these events occurred before September 2005, the district court properly dismissed any claims based on them as time-barred.

Tillman contends that his pre-September 17, 2005 claims are not time-barred under the continuing-violation doctrine for hostile-work-environment

No. 09-60716

claims. The district court, however, found that "Tillman does not argue that the aforementioned events can properly be considered under the continuing violations doctrine for his hostile work environment claims . . . . Tillman's failure to argue this point—and to provide supporting evidence—forces the Court to decide this issue in Southern Wood's favor." Having reviewed Tillman's summary-judgment papers, we agree. This court has repeatedly held that "the continuing violation doctrine does not automatically attach in hostile work environment cases, and *the burden remains on the employee* to demonstrate an organized scheme led to and included the present violation." *Celestine v. Petroleos de Venezuela SA*, 266 F.3d 343, 352 (5th Cir. 2001) (citing *Huckabay v. Moore*, 142 F.3d 233, 239 (5th Cir. 1998); *Berry v. Bd. of Supervisors of L.S.U.*, 715 F.2d 971, 981 (5th Cir.1983)) (emphases added); *see also Stewart v. Miss. Transp. Com'n*, 586 F.3d 321, 328 (5th Cir. 2009) ("This continuing violation doctrine is limited in three ways. First, *the plaintiff must demonstrate* that the separate acts are related, or else there is no single violation that encompasses the earlier acts." (citation and internal quotation marks omitted) (emphases added)).[2]

Tillman incorrectly believes that he had no obligation to argue the continuing-violation doctrine. Tillman contends in his brief before us, "At no time did Southern Wood make any allegation that its acts of discrimination which occurred before September 17, 2005 were barred under the ***continuing violations*** provision of Mr. Tillman's Hostile Work Environment Claim." (emphases in original). This misses the point: in its summary-judgment papers,

---

[2] Tillman's argument that the Lilly Ledbetter Fair Pay Act of 2009 saves his time-barred claims because they were pending on May 28, 2007, the retroactive date of enactment, is misplaced. The Act does not apply to discrete acts such as the ones at hand. *See Harris v. Auxilium Pharm., Inc.*, 664 F. Supp. 2d 711, 746-47 (S.D. Tex. 2009).

Southern Wood argued that the discrete events prior to September 17, 2005 were time-barred. These events unquestionably fall outside of the 180-day period. Thus, to survive summary judgment on the basis of the continuing-violation doctrine, Tillman had the burden to show that it applied. *See Celestine*, 266 F.3d at 352. Because Tillman did not make this argument before the district court, he may not do so now. *Martco Ltd. P'ship v. Wellons, Inc.*, 588 F.3d 864, 877 (5th Cir. 2009).

Finally, the district court properly dismissed the constructive-discharge claim. "Constructive discharge occurs when an employee has quit [his] job under circumstances that are treated as an involuntary termination of employment." *Haley v. Alliance Compressor LLC*, 391 F.3d 644, 649 (5th Cir. 2004).

> The general rule is that if the employer deliberately makes an employee's working conditions so intolerable that the employee is forced into an involuntary resignation, then the employer has encompassed a constructive discharge and is as liable for any illegal conduct involved therein as if it had formally discharged the aggrieved employee. Whether an employee would feel forced to resign is case- and fact-specific [*sic*], but this Court considers the following factors relevant, singly [*sic*] or in combination: (1) demotion; (2) reduction in salary; (3) reduction in job responsibilities; (4) reassignment to menial or degrading work; (5) reassignment to work under a younger or less experienced/qualified supervisor; (6) badgering, harassment, or humiliation by the employer calculated to encourage the employee's resignation; or (7) offers of early retirement or continued employment on terms less favorable than the employee's former status.

*Id*. at 649-50 (quoting *Jurgens v. EEOC*, 903 F.2d 386, 390 (5th Cir. 1990); *Brown v. Kinney Shoe Corp.*, 237 F.3d 556, 566 (5th Cir. 2001)).

Tillman must meet an objective, "reasonable employee" test by demonstrating that a reasonable person in his shoes would have felt compelled to resign. *See Penn. State Police v. Suders*, 542 U.S. 129, 141 (2004); *Barrow v. New Orleans S.S. Ass'n*, 10 F.3d 292, 297 n.19 (5th Cir. 1994); *Haley*, 391 F.3d

No. 09-60716

at 650. "[C]onstructive discharge requires a greater degree of harassment than that required by a hostile environment claim." *Brown*, 237 F.3d at 566. "The resigning employee bears the burden to prove constructive discharge." *Haley*, 391 F.3d at 650.

Here, Tillman offers no summary-judgment evidence of a constructive discharge. Southern Wood did not demote Tillman; nor did it reduce his hourly pay or his job responsibilities. He received the same work assignments as other employees. Tillman's supervisor remained the same, and no one badgered, harassed, or humiliated him. Southern Wood did not offer him early retirement or a job on terms less favorable than his former status. Indeed, Southern Wood offered Tillman a position as a load operator.[3] Tillman rejected this offer, and an experienced operator was hired at the same rate rejected by Tillman. The district court determined that Tillman's allegations of harassment were not "remotely near what is required to establish a constructive discharge claim." We agree. Drawing all justifiable inferences in Tillman's favor, Tillman's allegations fail to assert a claim of constructive discharge.

## III. CONCLUSION

For the foregoing reasons, the district court's judgment is AFFIRMED.

---

[3] Although the salary for that position was initially 50 cents less per hour than that offered by his then-current position, Hartfield testified that the new position offered opportunities for raises. Furthermore, Southern Wood also gave Tillman the option of staying at his then-current position at the same salary.