# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 3, 2012

No. 11-11084
Summary Calendar

Lyle W. Cayce
Clerk

MATIAS MACIEL,

Plaintiff-Appellant

v.

CITY OF FORT WORTH DRUG TASK FORCE;
OFFICER BLADSDELL, Official and Individual capacity;
SWAT OFFICERS, Official and Individual capacity,

Defendants-Appellees

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:11-CV-324

Before BENAVIDES, STEWART, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Matias Maciel, federal prisoner # 34058-080, appeals the district court's dismissal, pursuant to 28 U.S.C. § 1915A(b), of his 42 U.S.C. § 1983 complaint as time barred and the denial of his Federal Rule of Civil Procedure 59(e) motion. In his complaint, Maciel alleged that the defendants intentionally and

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

knowingly used excessive force which resulted in injuries to him and the death of his wife.

Maciel argues that the district court abused its discretion in not applying the doctrine of equitable tolling to the limitation period. He contends that he was mentally incapacitated by depression and medication until early 2011 and that the limitation period was tolled during that time. He submitted his medical records with his Rule 59(e) motion to show his mental incapacity during the limitation period.

We review the dismissal of a complaint for failure to state a claim pursuant to § 1915A(b) de novo. *Green v. Atkinson*, 623 F.3d 278, 280 (5th Cir. 2010). Whether the statute of limitations has run or whether equitable tolling applies is a question of law and, thus, review of the dismissal of the complaint and the denial of the Rule 59(e) motion is de novo. *See Newby v. Enron Corp.*, 542 F.3d 463, 468 (5th Cir. 2008); *Dearmore v. City of Garland*, 519 F.3d 517, 520 (5th Cir. 2008). The party asserting that equitable tolling is warranted has the burden of producing evidence of his mental incapacity. *See Hood v. Sears Roebuck & Co.*, 168 F.3d 231, 233 (5th Cir. 1999).

The applicable statute of limitations, which in Texas is two years, required Maciel to file a complaint for his personal injuries by July 16, 2009, and to seek damages for his wife's wrongful death by November 2009. *See Moore v. McDonald,* 30 F.3d 616, 621 (5th Cir. 1994); Tex. Civ. Prac. & Rem. Code Ann. § 16.003. The medical records reflect that Maciel was mentally alert and did not suffer from a mental condition that would have impaired his ability to file his complaint within two years of the incident or within two years of the death of his wife. Rather than rendering him incompetent, the records reflect that the medication alleviated his anxiety and allowed him to lessen his depression to a manageable level. He failed to show that he suffered from an "unsound mind" under Texas law that would have tolled the limitation period until he filed suit in May 2011. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.001; *Doe v. Henderson*

No. 11-11084

*Indep. Sch. Dist.*, 237 F.3d 631 (5th Cir. 2000) (unpublished) (upholding refusal to toll statute of limitations where plaintiffs failed to show they suffered from unsound mind). Further, the record reflects that he failed to act with due diligence after being discharged from psychological care. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984). The district court did not err in determining that the complaint was barred by the statute of limitations and that application of equitable tolling was not warranted. The judgment is affirmed.

The district court's dismissal of Maciel's complaint pursuant to § 1915A counts as a strike for purposes of 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996). Maciel is cautioned that if he accumulates three strikes, then he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is in imminent danger of serious physical injury. *See* § 1915(g).

AFFIRMED; SANCTION WARNING ISSUED.